**Philip E. GOTTSCHALK, Plaintiff,**

v.

**CONSOLIDATED RAILROAD CORPORATION, Defendant.**

No. 77 Civ. 2581(MP).

United States District Court, S. D. New York.

Sept. 27, 1978.

Supplemental Opinion Nov. 8, 1978. See 460 F.Supp. 592.

Rosen & Rosen, Monticello, N. Y., for plaintiff; Robert M. Rosen, Monticello, N. Y., of counsel.

Robert M. Peet, New York City, for defendant; Henry W. Herbert, New York City, of counsel.

OPINION

POLLACK, District Judge.

The defendant has moved for summary judgment in its favor pursuant to Fed.R. Civ.P. 56. For reasons shown hereafter, the motion will be denied at this time.

On September 11, 1976, a freight train operated by the defendant derailed and destroyed plaintiff's warehouse-garage and mill-office buildings. Plaintiff sues for damages. The buildings stood on two of

three parcels of land constituting a portion of the railroad right of way which was leased pursuant to leases made in 1937, 1949 and 1966 respectively, by defendant's predecessors in interest to the plaintiff's predecessors in interest and later conveyed to the plaintiff. The mill-office stood on the land leased in 1949. There is some uncertainty as to whether the garage-warehouse stood on the land leased in 1949 or 1966, but the two leases are identical in all respects material to this case. Each lease purported to exculpate the railroad from liability for damage to property on the land, even if caused by negligence of the railroad. Pleading the exculpatory clauses, the railroad has moved for summary judgment in this suit for negligent damage caused by the railroad. It is assumed that there was negligence which proximately caused the damage.

The plaintiff contends that the clauses of the leases which exculpate the defendant from liability for negligent injury committed by the defendant to property on the leased land are unconscionable and thus void under § 235–c(1) of the Real Property Law of New York. The statute permits a Court to refuse to enforce a questioned portion of a lease if as matter of law the Court finds the clause in question to have been unconscionable at the time the lease was made. Section 235–c(2) R.P.L. provides that when it is claimed that any clause may be unconscionable, the parties *shall* be afforded a reasonable opportunity *to present evidence* as to its setting, purpose and effect to aid the Court in making the determination.

As has been stated, there are three parcels of land which the defendant's predecessors leased to plaintiff's predecessors in interest. The first was leased to plaintiff's grandfather in 1937 and provided that the lessee assumes all risk of damage to property on the leased or neighboring premises occupied by the lessee arising out of the operation of the railroad whether caused by the railroad's negligence or otherwise.

The second parcel was leased to plaintiff's grandfather in 1949 and provided similarly that all risk of fire or any other damage to property on the leased premises was to be borne by the lessee whether caused by the railroad's negligence or otherwise.

In 1957 the plaintiff's grandfather assigned the 1937 and 1949 leases to plaintiff's father on consent of the railroad, the assignee undertaking to be bound by the terms of the leases as if named the original lessee.

The third parcel was leased to plaintiff's father in 1966 and included terms the same as those mentioned in the 1949 lease.

In 1973 plaintiff's father conveyed to plaintiff the buildings and equipment that stood on the three parcels of land—but not the land itself. This conveyance was expressly "Subject to all of the terms . . contained in" the leases of the land mentioned above. The plaintiff took occupancy of the buildings and paid the rent thereafter. He thereby came into privity of estate with the lessor. By reason thereof the plaintiff has the benefit and the burden of all covenants running with the land as long as he holds the estate. While the plaintiff did not assume the obligations of the leases and was not liable by privity of contract, *Hart v. Socony-Vacuum Oil Co.*, 291 N.Y. 13, 17, 50 N.E.2d 285, 287 (1943), he was subject to the burdens of the leases in respect of covenants that run with the land. *Eagle Enterprises Inc. v. Gross*, 39 N.Y.2d 505, 508, 384 N.Y.S.2d 717, 719, 349 N.E.2d 816, 818 (1976); *Restatement of Property* § 531, comment c (1944). The plaintiff does not argue otherwise nor is there any dispute that "privity of estate" exists here. The exculpatory features of the leases are covenants running with the land. *Neponsit Property Owners' Ass'n, Inc. v. Emigrant Industrial Savings Bank*, 278 N.Y. 248, 15 N.E.2d 793 (1938).

Unless it can be found from evidence as to their setting, purpose and effect that the clauses exculpating the railroad from negligent injury to plaintiff's property on the demised premises are unconscionable, the defendant is entitled to summary

judgment. R.P.L. § 235–c(1). Because plaintiff has claimed that the exculpatory clauses of the leases may be unconscionable, it is entitled to an evidentiary hearing to aid the Court in making the determination. R.P.L. § 235–c(2).

Accordingly, the defendant's motion for summary judgment will be denied at this time and an evidentiary hearing on that issue will be held at a date and time to be fixed by the Court after consultation with counsel as to their convenience.

SO ORDERED.