Philip E. GOTTSCHALK, Plaintiff,

v.

CONSOLIDATED RAILROAD CORPORATION, Defendant.

No. 77 Civ. 2581(MP).

United States District Court, S. D. New York.

Nov. 8, 1978.

Rosen & Rosen, Monticello, N. Y., for plaintiff, by Robert M. Rosen, Monticello, N. Y., of counsel.

Robert M. Peet, New York City, for defendant, by Henry W. Herbert, New York City, of counsel.

SUPPLEMENTAL OPINION

POLLACK, District Judge.

The plaintiff leases from the defendant three parcels of land that are within the defendant's right of way and parallel to its tracks. The leases exculpate the defendant from liability for negligent damage to the leased parcels. On September 11, 1976, a part failed on one of the defendant's trains, and the train derailed and destroyed buildings that the plaintiff had erected on the leased parcels. Pleading the exculpatory clauses, the defendant moved for summary judgment.[*]

The plaintiff argues that the leases are void under New York General Obligations Law § 5–321:

* The facts are set out more fully in the Court's previous opinion, 457 F.Supp. 377 (S.D.N.Y.1978).

Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, *in the operation or maintenance of* the demised premises or *the real property containing the demised premises* shall be deemed to be void as against public policy and wholly unenforceable.

(Emphasis added.) The plaintiff relies on the italicized words and argues that the leased parcels were part of or contained by the land on which the defendant's tracks run.

The plaintiff has not cited, nor has the Court found, any case that applies § 5–321 to parcels of land adjacent on one line only. The Court concludes from the language of the statute, however, that it does not apply here. First, if the defendant was negligent, it was negligent in the operation or maintenance of its train, not its real property. Second, one parcel of land cannot be said to "contain" another to which it is parallel. The italicized language refers primarily to land on which a leased building is located or a building in which leased space is located.

This conclusion is buttressed by the legislative history of the predecessor of § 5–321. A memorandum prepared by the Assistant Counsel to the Governor stated, and the Counsel agreed, that the statute would not apply to leases of railroad right of way because the lessor would not be in custody or control of the leased parcels. New York State Library, Bill Jacket Collection, ch. 907, at 10–11 (1937).

Accordingly, the plaintiff's request that the Court rule on the applicability of § 5–321 has been considered, and the statute is held not to apply to these premises.

SO ORDERED.