■ In the Matter of DAVID B. HERRMANN, JR., Appellant, v

CYNTHIA HERRMANN, Respondent. [604 NYS2d 363] —Order unanimously reversed on the law without costs and petition granted. Memorandum: The parties were divorced on January 6, 1988 in the State of Mississippi. The divorce decree incorporated and merged a separation agreement previously executed in New York that detailed the child support obligation of petitioner.

On February 21, 1989, respondent filed a petition for support in Tennessee. In an order entered July 13, 1989, the Fourth Circuit Court for Knox County found petitioner in arrears in his support payments and increased his child support obligation. Thereafter, in an order entered March 21, 1991, that same court found petitioner in contempt for failure to pay support and determined the amount of additional arrears. Respondent successfully petitioned to have the three aforementioned orders registered in New York pursuant to Domestic Relations Law § 37-a. An order of support was entered in Erie County Family Court. When petitioner sought to vacate the registration of the foreign support orders, his petition was dismissed. That was error.

The Tennessee courts did not obtain personal jurisdiction over petitioner in respondent's action to modify the child support obligations (see, Kulko v California Superior Ct., 436 US 84, reh denied 438 US 908). Petitioner never appeared in the Tennessee action, nor was he personally served in Tennessee. Additionally, petitioner was neither a resident of Tennessee, nor did the parties reside in Tennessee during the course of the marriage (see, Tenn Code Annot § 20-2-214). In the absence of personal jurisdiction, the Tennessee orders are not entitled to full faith and credit in New York (see, Williams v North Carolina, 325 US 226, 228, reh denied 325 US 895), and the petition to vacate their registration in New York should have been granted (see, Domestic Relations Law § 37-a [6]). (Appeal from Order of Erie County Family Court, LoRusso, J. —Vacate Support Orders.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.