■ LJUBICA DiCAPRIO, Respondent-Appellant, v JOSEPH A. DiCAPRIO, Appellant-Respondent. [631 NYS2d 975] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant appeals and plaintiff cross-appeals from a judgment of divorce awarding permanent maintenance and maintenance arrears to plaintiff and distributing the marital property of the parties. Supreme Court properly rejected defendant's contention that an Illinois judgment of divorce was entitled to full faith and credit and thereby deprived New York of jurisdiction. The application of full faith and credit to the judgment of a sister State is the functional equivalent of interstate res judicata *(see,* Siegel, NY Prac § 471 [2d ed]; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.19). Defendant failed to raise the issue in his answer and failed to amend his answer or to move for summary judgment. Thus, the issue was not properly raised *(see, Stemmer v Stemmer,* 182 AD2d 1120; *Pace v Perk,* 81 AD2d 444). In any event, the determination of the New York court did not contravene the mandate of full faith and credit. The issues of plaintiff's entitlement to divorce, maintenance and distribution of marital property situated in New York were not

decided by the Illinois court, and plaintiff did not contest any matters decided by the Illinois court.

The court properly exercised its discretion in awarding plaintiff permanent maintenance of $559 per month. Plaintiff's age, health problem, minimal employment history and long-term marriage to defendant justify that award. The court erred, however, in concluding that plaintiff failed to establish the existence of maintenance arrears and in awarding certain furniture to her "in lieu of any arrears for maintenance". Defendant conceded that he failed to provide any support for plaintiff from December 1990 until February 1992, a period of 14 months. Because plaintiff requested maintenance in the summons and complaint served prior to December 1990, she is entitled to a judgment of maintenance arrears for that 14-month period, a total of $7,826 (see, DiSanto v DiSanto, 198 AD2d 838; Berge v Berge, 159 AD2d 960). Further, because the Illinois court did not award plaintiff any interest in defendant's law degree or license to practice law, or the items of personal property defendant removed from the marital residence to Illinois, the furniture retained by plaintiff upon vacating the marital residence should have been distributed to her as part of the distribution of the marital property.

The remaining issues raised by the parties lack merit. Thus, we modify the judgment on appeal by awarding plaintiff maintenance arrears in the sum of $7,826 and directing that plaintiff retain the furniture in her possession as part of the equitable distribution of marital property. (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J.—Maintenance.) Present—Pine, J. P., Lawton, Callahan, Balio and Davis, JJ.