OPINION OF THE COURT
Norman C. Ryp, J.
*46 A. ISSUE
Whether, absent reciprocity or an ancillary receiver’s proceeding in New York, an administrative order from a foreign State’s (New Hampshire Department of Insurance) administrative agency requires full faith and credit or comity by a New York court? Not in New York.
B. PROCEDURAL HISTORY AND FACTS
The Home Insurance Company (hereinafter Home) moves, under CPLR 2221, for leave to renew its opposition to Olympia & York Maiden Lane Company’s (O/YMLC) CPLR 3212 motion for partial summary judgment, which this court by order, dated June 13, 1997, partly granted (by vacating its stay of Dec. 30, 1996 order covering June-Aug. 31, 1996 rent) and partly denied (Dec. 1, 1996 to date except directing Home to deposit same to the temporary receiver within 10 days thereof or as due and owing). For the reasons set forth hereinbelow, Home’s CPLR 2221 motion for leave to renew is granted (see, Lambert v Williams, 218 AD2d 618 [1st Dept 1995]) and, upon renewal, is partly granted and partly denied.
Following this court’s order, dated June 13, 1997, Home requested compliance permission, under the New Hampshire (State of plaintiff’s incorporation) Insurance Department’s order of supervision, dated March 3, 1997, which requires same for payments over $500,000. The June 13, 1997 order requires, absent a stay thereof, an initial payment of $20,423,132.03 ($18,998,262.35 plus 9% statutory interest [CPLR 5001] of $1,424,869.68 to June 30, 1997) together with costs and disbursements of this action, plus deposit with the temporary receiver of an approximately claimed additional $21,600,000 covering rent, owed under subject lease, subject to Home’s claims thereon, due and owing under the parties’ lease from December 1, 1996 through June 30, 1997. Home’s said request for such payment and deposit permission was denied by New Hampshire Insurance Commissioner Charles N. Blossom’s order, dated June 24, 1997, directing Home not to make such payment or deposit. The proverbial "rock versus hard place” is the dilemma issue of this CPLR 2221 motion by Home.
C. APPLICABLE LAW AND FINDINGS
1. The New Hampshire Insurance Department Order
In New York, such foreign State administrative order, neither a court judgment nor court order, does not require judicial *47 comity, full faith and credit, absent reciprocity or an ancillary receiver’s proceeding under Insurance Law § 7412 (a). (See, US Const art IV; City of Philadelphia v Cohen, 11 NY2d 401 [1962], cert denied 371 US 934 [1962]; Kelly v Overseas Investors, 18 NY2d 622, 624 [1966]; Maleski v Landberg, 1995 US Dist LEXIS 154, 1995 WL 10838 [SD NY, Jan. 12, 1995, Martin, J.], citing Martyne v American Union Fire Ins. Co., 216 NY 183 [1915]; see also, Murphy Co. v Reserve Ins. Co., 54 NY2d 69 [1981].) This court further notes that New Hampshire has not yet adopted the Uniform Insurers Liquidation Act (UILA) (see, UILA table in McKinney’s Cons Laws of NY, Book 27, Insurance Law art 74, 1997 Pocket Part, at 129-130) nor is there any pending ancillary receiver’s proceeding in New York. However, this court in the interest of justice and equity is quite sensitive and aware of both the interests of Home’s innocent policyholders and O/YMLC’s innocent bondholders, which cannot indefinitely subsidize Home. They are the true victims. The priority of the New Hampshire Insurance Commissioner is to the policyholders triggering the above supervision order, a prelude to a possible delinquency proceeding triggering an order of distribution, which places unsecured or judgment creditors’ (as O/YMLC herein) claims after policyholders’ claims. (See, NH Rev Stat Annot §§ 402-C:3—02-C:44.)
This court’s initial response since September 1996 until July 1997, in the midst of the highly motional paper bombardments by, and balanced "Solomonic” decisions / orders to these highly competent and technological commercial law firms was to initiate and pursue direct and indirect (through an excellent mediator and Hearing Examiner, Harry Levinson, Esq.) intensive settlement negotiations. This provided, together with Home’s claims, the equitable basis for the prior stay. These negotiations were, and still are, on the brink of final successful fruition, with the framework and basic arithmetic having been agreed upon, with the differences less than the probable future collective legal fees and disbursements. Each party, as this court noted in its June 13, 1997 decision/order has "MAD” (power of "mutual assured destruction” in liquidation and/or bankruptcy) engaging in fiscal brinkmanship and "on-off the table” offers, maximum/minimum demand tactics (i.e., with one party accepting the other’s offer which was then taken "off the table” then increased) and using the trial court and appellate process. Inevitably, mutual survival mandates settlement at the appropriate time at the IAS or appellate level.
*48 2. Injunctive Relief
Home’s belated request for additional injunctive relief, citing Grant Co. v Srogi (52 NY2d 496 [1981]) is denied, without prejudice, for insufficient showing of a reasonable likelihood of success on the merits and balancing of the equities in its favor, in the absence of even tendering any rent for payment and deposit of the demised space it allegedly actually occupies (200,000 square feet) even at what it claims is market ($19.50 per square foot) rent versus lease ($68 per square foot) rent rates. There is apparently irreparable harm (i.e., liquidation) absent such relief. (See, Aetna Ins. Co. v Capasso, 75 NY2d 860 [1990]; Amarant v D’Antonio, 197 AD2d 432, 434-435 [1st Dept 1993].) However, this court, in the interest of justice, opts to maintain the status quo at this time, pending appellate review. (See, Residential Bd. of Mgrs. v Alden, 178 AD2d 121, 122 [1st Dept 1991].)
D. CONCLUSION
Accordingly, this court grants Home’s CPLR 2221 motion only to the extent of temporarily extending the stay of entry and execution of the judgment up until, and including July 7, 1997, unless an undertaking under CPLR 5519 (a) (2) and (3) is duly given and filed with the court on or before July 7, 1997 or such is further extended by a Justice of the Appellate Division, First Judicial Department.