◼ Jose Rivera, Respondent, v Norman Feinstein et al., Appellants. [665 NYS2d 960] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered November 19, 1996, which, in an action seeking, *inter alia*, a declaration that a 1991 will is valid and a purported 1992 revocation of the will is invalid because of fraud, coercion or undue influence, denied defendants' motion for summary judgment, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about October 17, 1996, unanimously dismissed, without costs, as abandoned.

Since defendants do not address any issue concerning the order dated October 17, 1996, their appeal from that order is deemed abandoned. The motion court properly rejected defendants' arguments that the declaratory and related equitable relief plaintiff seeks are barred. Concerning personal jurisdiction, there are issues of fact as to whether part of the alleged fraud and/or coercion was committed in New York. The causes of action for trespass, conversion and replevin are clearly based on defendants' acts in New York, including resort to its courts, evicting plaintiff from the apartment he shared with the decedent and taking possession of the decedent's other assets here (CPLR 302 [a] [2], [4]). Concerning the one-year time limit for appealing a decree or, in this case, letters of

administration issued by the Pennsylvania Register of Wills (20 Pa Cons Stat Annot § 908), it does not apply here, since the complaint alleges fraud extrinsic to the documents filed with the Pennsylvania Register of Wills (*see, In re Kirkander*, 490 Pa 49, 415 A2d 26; *Estate of Gallagher*, 485 Pa 62, 400 A2d 1312). Nor is the issuance of letters of administration to defendants by the Pennsylvania Register of Wills entitled to full faith and credit, since plaintiff was never made a party to and never received timely notice of the Pennsylvania proceeding, and defendants present no evidence that the Pennsylvania Register of Wills obtained personal jurisdiction over plaintiff (*see, Matter of Herrmann v Herrmann*, 198 AD2d 761; *City Fed. Sav. Bank v Reckmeyer*, 178 AD2d 503). Finally, since the claims of fraud and breach of fiduciary duty have never been litigated, and there is no prior determination that is the result of plaintiff's full and fair opportunity to litigate these issues, plaintiff is not collaterally estopped under either Pennsylvania or New York law from propounding the purportedly revoked will and whatever rights he may have thereunder (*see, Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455; *Office of Disciplinary Counsel v Duffield*, 537 Pa 485, 492, 644 A2d 1186, 1189). Concur—Milonas, J. P., Rosenberger, Ellerin, Nardelli and Colabella, JJ.