■ MARINE MIDLAND BANK, Respondent, v HOME INSURANCE COMPANY, Appellant, et al., Defendants. [693 NYS2d 550] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 12, 1997, which, insofar as appealed from, denied defendant-appellant's motion to dismiss the action as against it, affirmed, without costs.

Sister State administrative findings, made in the context of a proceeding to review the propriety of appellant's acquisition by another insurance company in light of the interests of its policyholders and shareholders, do not warrant dismissal of the instant fraudulent conveyance action against appellant on the grounds of full faith and credit or comity. Even assuming that the doctrine is applicable to the administrative order in question (*but see, Home Ins. Co. v Olympia & York Maiden Lane Co.*, 174 Misc 2d 45, 46-47), that order was made without in personam jurisdiction over plaintiff's predecessor in interest (*see, Ionescu v Brancoveanu*, 246 AD2d 414, 416; *Rivera v Feinstein*, 245 AD2d 141; *see also, Baker v General Motors Corp.*, 522 US 222, 237, n 11), the single instance of notice by publication of the administrative hearing having been insufficient for that purpose (*see, Matter of McCann v Scaduto*, 71 NY2d 164, 174; *cf., Lane v City of Mount Vernon*, 38 NY2d 344, 349-350, citing, *inter alia, Smith v City of New York*, 30 AD2d 122, 126, *affd* 24 NY2d 782). Nor are the issues in the instant action the same as those that were before the sister State administrative body, which was not bound to consider the interests of creditors. Thus, there is no potential for conflict or for subversion of the sister State order that would tend to undermine the cooperative principle of comity. Concur—Williams, Rubin and Andrias, JJ.

Sullivan, J. P., dissents in a memorandum as follows: I would grant defendant Home's motion to dismiss the complaint based

on the doctrine that the public acts, records and judicial proceedings of sister States are accorded full faith and credit. (*See, Converse v Hamilton*, 224 US 243.)[1] After a lengthy review of the propriety of the transaction, including a public hearing, the New Hampshire Insurance Department issued a final order approving the recapitalization, concluding, despite a submission from the Home Holdings bondholders expressing their concern that "the Zurich proposal may ultimately fail as a fraudulent conveyance," that the transaction would "enhance policyholder security." With respect to such orders, New Hampshire law provides that "[n]o proceeding other than the appeal herein provided for shall be maintained in any court of this state to set aside, enjoin the enforcement of, or otherwise review or impeach any order of the commission, except as otherwise specifically provided." (NH Rev Stat Annot § 541:22.) This provision makes it clear that a New Hampshire challenge to the order effecting the recapitalization on fraudulent conveyance grounds would not be permitted by the courts of that State.[2]

Nor do I agree with the majority's conclusion allowing this action to go forward because of insufficient notice to, and lack of personal jurisdiction over, the trustee. Even assuming that the trustee did not have requisite notice of the New Hampshire proceeding, New Hampshire law afforded the trustee an opportunity to challenge the recapitalization order "within 30 days after [it] knew or reasonably should have known of such * * * order." (NH Rev Stat Annot § 400-A:17 [III].)

---

1. The Full Faith and Credit Clause has been interpreted to apply to administrative orders. (*See, Atlas Credit Corp. v Ezrine*, 25 NY2d 219, 229.)

2. Marine argues that it does not challenge the validity of the recapitalization. Marine claims, rather, that it was injured because the renewal business was conveyed to Zurich without fair consideration. Thus, Marine argues that since it was not aggrieved by the order approving the recapitalization, an appeal therefrom would not have determined the issue raised by Marine. There is no merit to this argument since the recapitalization could not have been accomplished without the order of the New Hampshire Insurance Department.