■ MARINE MIDLAND BANK, Respondent-Appellant, v ZURICH INSURANCE COMPANY et al., Appellants-Respondents, et al., Defendants. [693 NYS2d 552] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 12, 1997, which, to the extent appealed and cross-appealed from, denied defendants' motion to dismiss the complaint except to the extent of striking the demand for imposition of a constructive trust, modified, on the law, to reinstate plaintiff's demand for imposition of a constructive trust and affirmed insofar as it denied dismissal of the complaint on grounds other than lack of standing; the appeal from that part of the order denying the branch of defendants' motion for dismissal premised upon plaintiff's alleged lack of standing to sue dismissed as academic, all without costs.

We agree with plaintiff that any question as to its standing to sue as an assignee has been rendered academic by the express assignment to it of the fraudulent conveyance causes of action, rendering it clear beyond cavil that "the party seeking relief has a sufficiently cognizable stake in the outcome" (*Community Bd. 7 v Schaffer*, 84 NY2d 148, 155). In any case, were we to reach the substance of the question of standing, we would find that plaintiff had standing from the outset (*see, Julien J. Studley, Inc. v Lefrak*, 66 AD2d 208, 214, *affd* 48 NY2d 954).

Dismissal of plaintiff's fraudulent conveyance causes was properly denied insofar as it was sought for insufficiently detailed pleading. In pleading intentionally fraudulent convey-

ance (Debtor and Creditor Law § 276), plaintiff alleged the overall fraudulent scheme in detail (*see, Ambassador Factors v Kandel & Co.*, 215 AD2d 305, 307), and fraudulent intent is fairly inferred from such details (*cf., 125 Assocs. v Cralin Trading Assocs.*, 196 AD2d 630). Plaintiff was, therefore, in compliance with CPLR 3016 (b).

We also find that, under the circumstances of this case, plaintiff's demand for imposition of a constructive trust as a remedy for the alleged fraudulent conveyances should not have been stricken (*see*, Debtor and Creditor Law § 279 [d]; *cf., Marine Midland Bank v Murkoff*, 120 AD2d 122, *appeal dismissed* 69 NY2d 875). We have considered the parties' remaining requests for affirmative relief and find them unavailing. Concur—Williams, Rubin and Andrias, JJ.

Sullivan, J. P., concurs in a memorandum as follows: In Home Insurance Company's appeal in a related matter (*Marine Midland Bank v Home Ins. Co.*, 263 AD2d 374 [decided herewith]), this Court affirmed the denial of Home's motion to dismiss. While I dissented, concluding that dismissal was warranted on the ground that the order of the New Hampshire Insurance Department approving the recapitalization was entitled to full faith and credit, that issue is not before us on this appeal.