■ JDC Finance Company I, L.P., Appellant, v Donald K. Patton, Respondent. [727 NYS2d 71] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about July 26, 2000, granting defendant's motion to vacate a New York judgment which held that defendant lacked the minimum contacts with Texas to enable its courts to exercise personal jurisdiction over him, unanimously reversed, on the law and the facts, without costs, and the motion denied. Order, same court and Justice, entered on or about November 20, 2000, which denied plaintiff's motion to renew and reargue, unanimously dismissed, without costs.

This action arises out of a November 14, 1986 consolidated mortgage note in the principal amount of $1.5 million between Multibanc Service Corporation, a Texas corporation, and Paterson Renaissance Partners, a New Jersey limited partnership with its principal place of business in New York City. Paterson's general partner was defendant Patton, who is a New York resident. The loan financed the purchase of New Jersey real property, and noted by its terms that it was made and funded in the State of Texas, that payments were to be made to Multibanc's Dallas office, but that it would be construed and enforced according to New Jersey law. Simultaneous with the execution and delivery of the note, defendant executed and delivered a personal guaranty of note, also containing a New Jersey choice of law provision. The documents were signed and the closing was conducted in New Jersey. About a month after this transaction, the same parties entered into a Severance Agreement severing the note into two substitute notes, aggregating in the same amount, and defendant provided two additional personal guaranties, all instruments containing the same terms as the original instruments. In 1991, Multibanc assigned to the Resolution Trust Corporation (RTC) all rights, title and interest in the notes, and all guaranty agreements executed by defendant, which were all subsequently assigned by RTC to present plaintiff.

When the partnership defaulted, plaintiff commenced an action against defendant personally in Texas state court to recover on the basis of defendant's personal guaranties. Service was made on the Texas Secretary of State, copies of which were duly forwarded to defendant in New York. Defendant failed to appear in the Texas proceeding, with the result that judgment in the principal amount of $3,025,178.93 was entered on default against him. Plaintiff then moved, by summons and notice of motion dated September 12, 1995, for summary judgment in lieu of complaint to docket the Texas judgment against defendant in New York. Defendant defaulted on this motion also, which Supreme Court, New York County (Carol Huff, J.) granted. Judgment was entered against defendant by that court on February 13, 1996, in the principal amount of $3,116,404.27. Defendant then moved to vacate the New York judgment on the basis that, *inter alia*, the Texas judgment was not entitled to full faith and credit insofar as the Texas court lacked personal jurisdiction over defendant, and that Texas long arm jurisdiction was precluded. The IAS court, granting the motion, noted that the guaranties were related to a mortgage securing New Jersey property, the documents were executed in New Jersey, defendant never went to Texas, and

that defendant carried on no business in Texas. The mere fact that defendant mailed payments to Texas did not, in the IAS court's view, constitute sufficient minimum contacts as to reasonably require him to defend an action commenced there on the basis of the guaranties.

We have recently had occasion to note the well-settled principle that a judgment rendered by a court of a sister state is accorded "the same credit, validity, and effect in every other court in the United States, which it had in the state where it was pronounced" (*All Terrain Props. v Hoy*, 265 AD2d 87, 91, quoting *Hampton v M'Connel*, 3 Wheat [16 US] 234, 235). Although collateral attack on the merits is precluded, a party aggrieved by the judgment, nevertheless, may challenge the basis of the judgment court's personal jurisdiction (*All Terrain Props.*, *supra*). That challenge requires a two-part analysis, requiring a determination whether the sister state's long arm statute has been complied with, and whether that court's exercise of jurisdiction comports with Federal constitutional principles of due process (*City Fed. Sav. Bank v Reckmeyer*, 178 AD2d 503). As we have also previously noted, whether under New York or Texas law, personal jurisdiction may be obtained over a non-resident defendant only if minimum contacts exist between that defendant and the forum state (*L & M House of Jeans v Communication Control Sys.*, 88 AD2d 884, 886, *appeal dismissed* 57 NY2d 956, citing *World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 291). We have interpreted Texas law as requiring that the defendant must purposefully have done some act or consummated some transaction in Texas, that the cause of action must arise from the transaction, and that the assumption of jurisdiction must not offend traditional notions of fair play (*id.*, citing *O'Brien v Lanpar Co.*, 399 SW2d 340, 342 [Tex]). More specifically, the Texas long arm statute deems a nonresident defendant subject to the jurisdiction of Texas courts if the defendant "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in [Texas]" (Tex Civ Prac & Rem Code Annot § 17.042 [1]), which is given an expansive application under Texas law (*Gubitosi v Buddy Schoellkopf Prods.*, 545 SW2d 528 [Tex App 1976]).

The "constitutional touchstone [in long-arm jurisdiction cases is] whether the defendant purposefully established 'minimum contacts' in the forum State" and "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must make a compelling case that the presence of some other considerations would render jurisdic-

tion unreasonable" (*Burger King Corp. v Rudzewicz*, 471 US 462, 474, 477). Defendant should have reasonably anticipated that he would have to defend himself on these notes in a court of the State of Texas (*Kulko v Superior Ct.*, 436 US 84, 92), and minimum contacts have been established under the *International Shoe* doctrine (*International Shoe Co. v Washington*, 326 US 310, 316) where defendant directed his activities at a Texas resident, acted deliberately, and entered into a contract performed at least in part in Texas, notwithstanding the New Jersey locus of part of the underlying transaction (*Gubitosi v Buddy Schoellkopf Prods.*, *supra*). Hence, the Texas judgment is entitled to full faith and credit. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Rubin, JJ.