Crew III, J.
Appeal from an order of the Supreme Court (Monserrate, J.), entered July 1, 2002 in Broome County, which, inter alia, denied defendants’ motion to vacate a judgment entered against them.
On November 1, 1995, defendants entered into a broker fee agreement with plaintiff, pursuant to the terms of which plaintiff was to, inter alia, assist defendants in obtaining a mortgage secured by certain real property located in the Town of Vestal, Broome County. A brokerage fee in the amount of $4,875 was to be included in and paid out of the underlying mortgage at closing. Although a mortgage was obtained and the contemplated closing took place, for reasons not entirely clear from the record, the brokerage fee due was not paid.
Plaintiff thereafter sued defendants in New Jersey Superior Court seeking to recover the $4,875 brokerage fee associated with the underlying transaction. The asserted basis for jurisdiction was credit extended to defendants in Middlesex County, New Jersey. Following service of defendants’ answer, plaintiff moved for summary judgment. Defendants opposed plaintiffs motion and cross-moved for summary judgment raising various defenses, including lack of jurisdiction, improper venue and statute of limitations.
New Jersey Superior Court granted plaintiffs motion for summary judgment and judgment was entered in favor of plaintiff in the amount of $6,331.96, plus costs and postjudgment interest. In March 2002, the New Jersey judgment was filed in the office of the Broome County Clerk and, on or about April 1, 2002, defendants were served with a notice of filing of a foreign judgment. Following the issuance of an income execution, defendants moved to, inter alia, vacate the underlying judgment, contending that it had been procured by fraud and that the New Jersey court lacked jurisdiction. Supreme Court, inter alia, denied defendants’ motion to vacate and this appeal ensued.
*774 We affirm. The case law makes clear that “[a] judgment rendered by a court of a sister State is accorded ‘the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced’ ” (All Terrain Props. v Hoy, 265 AD2d 87, 91 [2000], quoting Hampton v M’Connel, 3 Wheat [16 US] 234, 235 [1818]; see JDC Fin. Co. I v Patton, 284 AD2d 164, 166 [2001]). As a matter of full faith and credit, our review of the foreign judgment at issue is limited to “whether the rendering court had jurisdiction” (Fiore v Oakwood Plaza Shopping Ctr., 78 NY2d 572, 577 [1991], cert denied 506 US 823 [1992]). This inquiry, in turn, requires us to ascertain “whether the sister state’s long arm statute has been complied with, and whether that court’s exercise of jurisdiction comports with Federal constitutional principles of due process” (JDC Fin. Co. I v Patton, supra at 166). An evaluation of the merits of the dispute is not permitted, as the facts have bearing only in the limited context of jurisdiction (see Fiore v Oakwood Plaza Shopping Ctr., supra at 577).
As Supreme Court aptly noted, defendants do not assert a lack of personal jurisdiction. Indeed, they readily acknowledge that they appeared in the New Jersey action and made appropriate motions in their attempt to vigorously defend such action. Rather, defendants contend that their contractual dealings with plaintiff lacked sufficient “minimum contacts” to confer subject matter jurisdiction in New Jersey (see generally Blakey v Continental Airlines, 164 NJ 38, 66, 751 A2d 538, 554-555 [2000]). We cannot agree. Although the actual closing apparently took place in New York, the broker fee agreement executed by defendants clearly identifies plaintiff as a New Jersey entity and the affidavit in support of substituted service predicates jurisdiction based upon the extension of credit by plaintiff to defendants in Middlesex County, New Jersey. That being the case, and given the business dealings between the parties leading up to the closing, it should come as no surprise to defendants that their failure to pay the brokerage fee due resulted in litigation in New Jersey. Defendants appeared and contested the issue of jurisdiction in the New Jersey action and, that issue having been decided against them, they cannot attempt to relitigate that issue here. Accordingly, Supreme Court properly denied defendants’ motion to vacate the New Jersey judgment.
Cardona, P.J., Feters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.