■ STEVEN M. GARBER & ASSOCIATES, Respondent, v KIM JOHN ZUBER, Appellant, et al., Defendant. [929 NYS2d 913]—

Memorandum: By motion for summary judgment in lieu of complaint pursuant to CPLR 3213, plaintiff commenced this action to enforce a judgment entered in California upon the default of Kim John Zuber (defendant). Contrary to defendant's contention, Supreme Court properly granted the motion. "Absent a jurisdictional challenge, a final judgment entered upon the defendant's default in appearing in an action is . . . entitled to be given full faith and credit in the courts of this State" (*GNOC Corp. v Cappelletti*, 208 AD2d 498 [1994]; *see Fiore v Oakwood Plaza Shopping Ctr.*, 78 NY2d 572, 577 [1991], *rearg denied* 79 NY2d 916 [1992], *cert denied* 506 US 823 [1992]). Here, the record establishes that the California court had jurisdiction over defendant and that defendant admits that process was properly served upon him in New York (*cf. Vertex Std. USA, Inc. v Reichert*, 16 AD3d 1163 [2005]). We agree with the court that plaintiff established that defendant had "certain minimum contacts with [California] so that the maintenance of the suit [there] would not offend traditional notions of fair play and substantial justice . . . and [that defendant] has purposefully [availed himself] of the privilege of conducting activities within the forum State, [i.e., California,] thus invoking the benefits and protections of its laws" (*Money-Line, Inc. v Cunningham*, 80 AD2d 60, 62 [1981] [internal quotation marks omitted]; *see Hanson v Denckla*, 357 US 235, 253 [1958], *reh denied* 358 US 858 [1958]; *International Shoe Co. v Washington*, 326 US 310, 316 [1945]). Present—Scudder, P.J., Smith, Carni, Lindley and Martoche, JJ.