# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

640

CA 12-00058

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

HICHAM KHALLAD, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

SHELENA BLANC, DEFENDANT-RESPONDENT.

---

SANTOSH K. PAWAR, PITTSFORD, FOR PLAINTIFF-APPELLANT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Elma A. Bellini, J.), entered July 25, 2011. The judgment, among other things, declared that a Florida judgment of divorce is valid.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that a judgment of divorce obtained by defendant in Florida is invalid. In 2002, defendant traveled to Morocco and conceived a child with plaintiff, a Moroccan native. The parties' child was born in Florida in July 2003 and, in March 2005, plaintiff and defendant were married in Florida. Thereafter, the parties resided together in Florida for one or two months before plaintiff moved to New York City. In January 2006, defendant filed a petition for dissolution of marriage in the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida (hereafter, Florida court), asserting that the marriage was "irretrievably broken" and that she and plaintiff had no children in common. Defendant submitted an "affidavit of diligent search and inquiry," in which she averred that plaintiff's current residence was unknown to her and that she had made a diligent search and inquiry to discover it. Defendant then served the petition upon plaintiff by publication in a local Florida newspaper. Plaintiff did not respond to the petition or appear in court, and a default judgment was entered against him. In April 2006, the Florida court granted a final judgment of dissolution of marriage (hereafter, divorce judgment).

According to plaintiff, he first learned of the divorce judgment in or about June 2010, when deportation proceedings were commenced against him. On July 29, 2010, plaintiff moved to set aside the default judgment in the Florida court, asserting that he failed to appear in the divorce action because he did not receive a summons or petition. Plaintiff further alleged that defendant fraudulently obtained the divorce judgment inasmuch as she falsely stated that she did not know where plaintiff lived and that the parties did not have any children in common. After a hearing, the Florida court denied

plaintiff's motion on the ground that it had been filed more than one year after entry of the divorce judgment (see Fla Rules Civ Pro rule 1.540 [b]).

Plaintiff thereafter commenced this action seeking a declaration that the divorce judgment is "invalid and of no force and effect" because it was fraudulently obtained.  By the judgment on appeal, Supreme Court, inter alia, determined that the divorce judgment should be granted full faith and credit, and thus declared that the judgment was valid.  We affirm.

"A divorce judgment of a sister state made in an action in which both parties were subject to the personal jurisdiction of the court is entitled to full faith and credit by the courts of this state" (Matter of Sannuto v Palma-Sannuto, 32 AD3d 443, 443; see Erhart v Erhart, 226 AD2d 26, 27).  Absent a jurisdictional challenge, a judgment entered upon a party's default is entitled to full faith and credit (see Steven M. Garber & Assoc. v Zuber, 87 AD3d 1295, 1296, lv denied 18 NY3d 802; Vertex Std. USA, Inc. v Reichert, 16 AD3d 1163, 1163; GNOC Corp. v Cappelletti, 208 AD2d 498).  "The application of full faith and credit to the judgment of a sister State is the functional equivalent of interstate res judicata" (DiCaprio v DiCaprio, 219 AD2d 819, 819, appeal dismissed 87 NY2d 967, lv denied 88 NY2d 802, rearg denied 89 NY2d 861; see Siegel, NY Prac § 471, at 797 [4th ed]).  "As a matter of full faith and credit, review by the courts of this State is limited to determining whether the rendering court had jurisdiction, an inquiry which includes due process considerations . . . Thus, inquiry into the merits of the underlying dispute is foreclosed; the facts have bearing only in the limited context of our jurisdictional review" (Fiore v Oakwood Plaza Shopping Ctr., 78 NY2d 572, 577, rearg denied 79 NY2d 916, cert denied 506 US 823; see Mortgage Money Unlimited v Schaffer, 1 AD3d 773, 774).  In determining whether the Florida court had jurisdiction over plaintiff, we must "ascertain whether [Florida's] long arm statute has been complied with, and whether that court's exercise of jurisdiction comports with Federal constitutional principles of due process" (Mortgage Money Unlimited, 1 AD3d at 774 [internal quotation marks omitted]).

Here, plaintiff does not contend that he lacked the requisite minimum contacts with Florida such that allowing the divorce action to proceed in that state deprived him of due process (see generally Steven M. Garber & Assoc., 87 AD3d at 1296).  Indeed, it is undisputed that the parties were married and thereafter lived together in Florida, and that their child was born in Florida (cf. Matter of Herrmann v Herrmann, 198 AD2d 761).  Rather, plaintiff contends that the Florida court lacked personal jurisdiction because defendant failed to serve him personally with the summons and petition in the divorce action in accordance with Florida law (see generally Vertex Std. USA, Inc., 16 AD3d at 1164).  We reject that contention.

Under Florida law, the summons and petition in a divorce action "shall be served upon the other party to the marriage in the same manner as service of papers in civil actions generally" (Fla Stat Ann,

tit 6, § 61.043 [1]).  As a general rule, service of process is made by delivering a copy of the summons and petition to the person to be served (*see* Fla Stat Ann, tit 6, § 48.031 [1] [a]).  "[S]ervice of process on persons outside of th[e] state shall be made in the same manner as service within th[e] state . . . No order of court is required" (Fla Stat Ann, tit 6, § 48.194 [1]).  As relevant here, section 49.011 provides that "[s]ervice of process by publication may be made in any court on any party identified in [section] 49.021 in any action or proceeding . . . [f]or dissolution or annulment of marriage," and section 49.021 (1) in turn provides that "[s]ervice of process by publication may be had upon . . . [a]ny known or unknown natural person."

As a condition precedent to service by publication, the plaintiff must file a sworn statement (*see* Fla Stat Ann, tit 6, § 49.031 [1]), asserting therein, inter alia, "[t]hat diligent search and inquiry have been made to discover the name and residence of such person," and "that the residence of such person is . . . [u]nknown to the affiant" (Fla Stat Ann, tit 6, § 49.041 [1], [3] [a]).  The notice must be published once per week for four consecutive weeks in a newspaper published in the county where the court is located (*see* Fla Stat Ann, tit 6, § 49.10 [1] [a]), and proof of publication must be made by affidavit of an officer or employee, among others, of the newspaper (*see* Fla Stat Ann, tit 6, § 49.10 [2]).

Here, defendant signed an "Affidavit of Diligent Search and Inquiry" (Fla Family Law Rules of Pro form 12.913 [b]), swearing that she "ha[d] made [a] diligent search and inquiry to discover the name and current residence of" plaintiff.  Defendant further averred therein that plaintiff's "current residence [wa]s unknown to [her]," and she signed the affidavit under penalty of perjury.  A publisher's affidavit of publication confirms that the notice was published for four consecutive weeks in a newspaper in Orange County, Florida, the situs of the Florida court.  Thus, defendant established that she constructively served plaintiff by publication in accordance with Florida law (*see* Fla Stat Ann, tit 6, § 49.021 [1]; § 49.031 [1]; §§ 49.041, 49.10 [1] [a]; [2]).

Plaintiff contends, however, that defendant committed fraud in procuring service of process by publication because defendant knew where plaintiff lived and how to contact him.  Plaintiff's contention may have merit in light of the undisputed fact that defendant visited plaintiff in New York and stayed at his apartment several months before she commenced the divorce action.  Once it has been determined, however, that a sister state properly exercised jurisdiction over a party, our review of the foreign judgment ends and we must accord full faith and credit to that judgment (*see JDC Fin. Co. I v Patton*, 284 AD2d 164, 166; *see generally Mortgage Money Unlimited*, 1 AD3d at 774; Siegel, NY Prac § 471, at 797-798).

Plaintiff's further contention that the Florida court deprived him of his parental rights by failing to determine issues of custody, visitation and a parenting plan before dissolving the marriage is beyond our scope of review.  This Court's inquiry is limited to

whether the Florida court that rendered the divorce judgment had jurisdiction (*see Fiore*, 78 NY2d at 577), and the merits of the divorce action, including issues of custody, visitation and support, are not properly before us (*see generally Mortgage Money Unlimited*, 1 AD3d at 774; *JDC Fin. Co. I*, 284 AD2d at 166).  In any event, we conclude that those issues should be addressed in Florida, not New York.  The parties were married and lived together in Florida, and there is a valid judgment of divorce in Florida.  In addition, defendant and the parties' child continue to reside in Florida. Florida law permits plaintiff to commence an independent action challenging the validity of the divorce judgment on the ground of fraud upon the court more than one year after entry of that judgment (*see* Fla Rules Civ Pro rule 1.540 [b]; *Lefler v Lefler*, 776 So 2d 319, 321 [Fla]).  Thus, plaintiff remains free to commence such an action in Florida to challenge the validity of the divorce judgment and to assert his rights to custody and visitation.

We have reviewed plaintiff's remaining contentions and conclude that they are without merit.

Entered:  June 15, 2012                          Frances E. Cafarell
                                                Clerk of the Court