### BENOLIEL v. NEW YORK & BROOKLYN BREWING CO.

(Supreme Court, Appellate Division, Second Department.    May 19, 1911.)

1. LANDLORD AND TENANT (§ 80½*)—TERMS FOR YEARS—ASSIGNMENT—EVIDENCE OF ASSIGNMENT—PRESUMPTION.

Where a landlord, in an action for rent, shows that after a lease to a third person defendant went into possession of the leased premises and paid to the landlord for more than a year the monthly installments of rent provided for in the lease, a prima facie case of the due assignment of the lease to defendant, and that defendant held possession under the lease, is made out.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 231; Dec. Dig. § 80½.*]

2. LANDLORD AND TENANT (§ 80½*)—TERM FOR YEARS—EVIDENCE OF ASSIGNMENT—ADMISSIBILITY.

Where plaintiff, in an action for rent, had made out a prima facie case that there had been a due assignment of the demised premises by plaintiff's lessee to defendant, and that defendant held possession of the premises by privity of estate under the lease, evidence on the part of defendant that no assignment of the lease had been made to him, and evidence as to an understanding between him and the original lessee, is admissible.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 231; Dec. Dig. § 80½.*]

3. JUDGMENT (§ 251*)—ON TRIAL OF ISSUES—CONFORMITY TO PLEADINGS—ISSUES RAISED BY PLEADINGS.

Where an issue tendered by the pleadings in an action for rent was that defendant was an assignee of the original lessee, with a privity of estate under a lease, a judgment for plaintiff on a theory different from that set forth in the pleadings cannot be sustained.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by David J. Benoliel against the New York & Brooklyn Brewing Company. From a judgment for the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Finis E. Montgomery, for appellant.

Jacob Brenner, for respondent.

CARR, J. The plaintiff has recovered a judgment in the Municipal Court in the Borough of Brooklyn against the defendant for the sum of $152. From this judgment the defendant appeals.

The pleadings were in writing. The cause of action set forth in

the complaint was that the plaintiff had leased certain premises in the borough of Brooklyn to a corporation known as the Federal Brewing Company for a term of 4 years and 9 months, beginning August 4, 1906, at an annual rental of $1,620, payable in monthly installments of $135; that the Federal Brewing Company entered into possession of the premises, and subsequently assigned the lease to the defendant by an instrument in writing, in which the defendant "assumed the obligations, covenants, and conditions of said lease, and duly entered into possession of the said demised premises"; and that the defendant has neglected and refused to pay the monthly installment which fell due on November 1, 1908. These allegations as to the assignment of the lease were put in issue by the answer.

[1] On the trial the plaintiff gave no evidence of any assignment, in writing or otherwise, of the lease from the Federal Brewing Company; but it gave evidence showing that the defendant went into possession of the premises and paid to the plaintiff the monthly installments of rent provided for in the lease for a period of considerably over a year. Under these circumstances, the plaintiff made out a prima facie case that there had been a due assignment of the lease to the defendant, and that it held possession of the demised premises by privity of estate under the lease by virtue of an assignment; for under such circumstances the law presumes an assignment. Bedford v. Terhune, 30 N. Y. 453, 86 Am. Dec. 394; Dickinson Co. v. Fitterling, 69 Minn. 162, 71 N. W. 1030. This presumption is not absolute, and it may be rebutted by proof that there was in fact or intent no actual assignment, or no valid assignment, of the lease, under which any privity of estate was acquired by the new occupant of the demised premises. Welsh v. Schuyler, 6 Daly, 412; Cross v. Upson, 17 Wis. 618.

[2] In the case at bar, the defendant gave some evidence showing that no assignment of the lease in question had been made to it, and endeavored to give further proof as to the understanding between it and the original lessee, the Federal Brewing Company, as to the lease in question. This proof was excluded on objection, and an exception was taken. This ruling was error, as the evidence offered was admissible. Welsh v. Schuyler, ut supra; Bagley v. Freeman, 1 Hilt. 196; Dey v. Greenebaum, 82 Hun, 533, 31 N. Y. Supp. 610.

[3] The issue tendered by the pleadings was that the defendant was an assignee of the lease with a privity of estate. The judgment entered upon such an issue would create a bar in favor of the plaintiff against the defendant in any action brought to recover subsequent installments of rent under the lease. It should not be sustained on any theory other than that set forth in the pleadings. Some attempt was made to amend the pleadings at the close of the case; but the application for an amendment was made only conditionally, and no decision on the application was made by the trial court. The plaintiff then declared that he stood on the theory of his pleading.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.