SHIELS v. BYRD et al. (No. 7373.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

1. FIXTURES ⬦⟿32—TRADE FIXTURES—REMOVAL BY TENANT.

In the absence of agreement, a tenant may remove fixtures before the termination of his tenancy, provided the removal will not materially injure the freehold.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 63, 65; Dec. Dig. ⬦⟿32.]

⬦⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2, FIXTURES ⊂⟶32—TRADE FIXTURES—REMOVAL BY TENANT.
  A tenant's right to remove trade fixtures expires with the termination of the lease.
  [Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 63, 65; Dec. Dig. ⊂⟶32.]

3. FIXTURES ⊂⟶31—TRADE FIXTURES—FORECLOSURE OF MORTGAGE—RIGHTS OF PURCHASER.
  A purchaser of trade fixtures of a tenant at a foreclosure sale stands in no better position than did the mortgagee as to the right to remove them.
  [Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 62; Dec. Dig. ⊂⟶31.]

Appeal from Appellate Term, First Department.

Replevin by Thomas A. Shiels against Anne H. Byrd and another, as executors. From a judgment of the Appellate Term, affirming a judgment for plaintiff, defendants appeal. Reversed, and complaint dismissed.

See, also, 152 N. Y. Supp. 1143.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

William Byrd, of New York City, for appellants.

Abraham Benedict, of New York City, for respondent.

McLAUGHLIN, J.  Action in replevin to recover possession of certain saloon fixtures, or the value thereof. The plaintiff claims title as purchaser at a sale had in pursuance of the foreclosure of a chattel mortgage executed by tenants of the premises. Defendants claim title by virtue of the lease from their testator to the tenants. The lease was for a term of 10 years, commencing May 1, 1907. The chattel mortgage was executed on the 18th of August, 1908, and the sale at foreclosure took place on March 11, 1913. The action was brought in the City Court of the City of New York, and the plaintiff had a judgment for the return of the fixtures, or, if possession thereof could not be had, for their stipulated value of $612.50, with interest. The judgment was affirmed by the Appellate Term, and defendants appeal to this court.

I am of the opinion that under the terms of the lease and the facts proved at the trial the complaint should have been dismissed. The lease contained the following provision:

"The party of the second part [the tenant] agrees to insure the plate glass in the front of said store against breakage for the benefit of the party of the first part [the landlord] and to expend not less than three thousand (3,000) dollars in the improvement of the said demised premises, and that all fixtures attached to the realty shall belong to the party of the first part at the expiration of said term."

All of the fixtures involved in the controversy, with the possible exception of the ice box and gas fixtures, for which no separate demand was made, were attached to the realty, and at defendants' request the trial court so found. It is true there is also a finding in the decision to the effect that they were not "in any substantial manner annexed or attached to the realty." But the clause of the lease, it will be ob-

served, did not require them to be so attached in order to prevent their removal. They were to belong to the landlord if they were in fact *attached to the realty,* and the proof clearly established that they were.

[1] In the absence of an agreement to the contrary, a tenant may remove trade fixtures before the termination of his tenancy, provided the removal will not materially injure the freehold. But this rule has for its basis the intention of the parties, and it always yields to an agreement to the contrary. The saloon fixtures were the only ones which the parties had in mind, as the alterations and improvements to the building itself were clearly not fixtures, and could not have been so considered. Webber v. Franklin Brewing Co., 123 App. Div. 465, 108 N. Y. Supp. 251. It must be assumed, therefore, that the parties, when they inserted in the lease the words "all fixtures attached to the realty," did so for the purpose of giving to the landlord something which he otherwise would not have had. Such words are meaningless, unless that is what the parties intended.

[2] But even if it be assumed that they were trade fixtures, and the tenant, prior to the termination of the lease, could have removed them, that right was lost, because no attempt was made to remove them within that time. This is precisely what was held in Massachusetts National Bank v. Shinn, 18 App. Div. 276, 46 N. Y. Supp. 329, affirmed 163 N. Y. 360, 57 N. E. 611. Mr. Justice Bartlett, who delivered the opinion, said:

"Where the tenant has mortgaged such trade fixtures, after placing them upon the leased land, and fails to remove them within the term or the period prescribed by his lease, or while he retains possession of the land upon which they are located, his title becomes subordinate to that of the lessor, and his right of removal is lost."

See, also, Talbot v. Whipple, 14 Allen (Mass.) 177.

In any view, the delay of the Clausen-Flanagan Brewery Company, which had become interested by acquiring a chattel mortgage on the fixtures in question, deprived it of any right which it otherwise might have had. On the 4th of October, 1912, it was notified that the tenant had abandoned the premises, and for that reason the landlord had elected to and did exercise the option reserved in the lease to terminate the tenancy. No attention was paid to the notice by the brewery company, and on the 18th of October, 1912, it was notified that under the terms of the lease all fixtures in the premises belonged to the landlord. No attention was paid to this notice, and nothing was done until the chattel mortgage was foreclosed and a sale had in pursuance thereof on the 11th of March, 1913.

[3] The purchaser at the foreclosure sale stands in no better position than did the mortgagee.

The determination of the Appellate Term and the judgment of the City Court are reversed, with costs to the appellant in each court and on this appeal. The seventh finding of fact and the conclusions of law in the decision are also reversed, and a finding made that the fixtures in question belong to the defendants, and that the complaint should be dismissed. All concur.