COLERIDGE HART, Respondent, *v.* SOCONY-VACUUM OIL COMPANY, INCORPORATED, Appellant.

Argued June 10, 1943; decided July 20, 1943.

14

*William T. Gallagher* and *William D. Cunningham* for appellant. The original lessee remains liable during the entire period of the lease regardless of any assignments thereof because he so contracted with the owner and as to him there is privity of contract. (*Mann* v. *Munch Brewery*, 225 N. Y. 189.) The alleged liability was not assumed expressly and the parties stipulated against the assertion of implied undertakings. (*Brainard* v. *N. Y. C. R. R. Co.*, 242 N. Y. 125; *Codman* v. *American Piano Co.*, 229 Mass. 285; *White* v. *Hoyt*, 73 N. Y. 505; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Harris* v. *Wright*, 118 N. C. 422.) The assumption of the alleged liability may not be implied from the general context of the agreement. The assumption of the liability may not be implied from the circumstances. (*Outlet Embroidery Co.* v. *Derwent Mills*, 254 N. Y. 179.) The decisions below are erroneous and no other authority sustains respondent's recovery. (*Mohonk Realty Corp.* v. *Wise Shoe Stores, Inc.*, 260 App. Div. 64, 286 N. Y. 476.) In no event was plaintiff entitled to judgment on the pleadings. (*Brainard* v. *N. Y. C. R. R. Co.*, 242 N. Y. 125; *Manson* v. *Curtis.* 223 N. Y. 313; *Outlet Embroidery Co.* v. *Derwent Mills, Ltd.*, 254 N. Y. 179; *Camp* v. *Treanor*, 143 N. Y. 649; *White* v. *Hoyt*, 73 N. Y. 505; *Kenyon* v. *Knights Templar*, 122 N. Y. 247; *Trustees of East Hampton* v. *Vail*, 151 N. Y. 463; *U. S. Rubber Co.* v. *Silverstein*, 229 N. Y. 168; *Martin* v. *Crumb*, 216 N. Y. 500; *Stokes* v. *Mackay*, 140 N. Y. 640.)

• *Charles Blank* and *Edward J. Wilson* for respondent. The agreement must be construed as contractually obligating the defendant to perform all provisions and covenants of the lease. (*Mann* v. *Munch Brewery*, 225 N. Y. 189; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Detroit Trust Co.* v. *Howenstein*, 273 Mich. 309; *Schulte, Inc.*, v. *Loft, Inc.*, 271 N. Y. 420.) Reading the agreement as a whole, as it must be read, and in the light of the attendant circumstances and of the matter with which the parties dealt, it is clear that the parties modified the lease and adopted it as modified for the remainder of its term. (*Manson* v. *Curtis*, 223 N. Y. 313.) The agreement is also instinct with an obligation. (*Baldwin* v. *Humphrey*, 44 N. Y. 609; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187.) Interpretation of the modification agreement is for the court alone, and not for a jury. (*Outlet Embroidery Co.* v. *Derwent Mills, Ltd.*, 254 N. Y. 179; *Kenyon* v. *Knights Templar*, 122 N. Y. 247.)

DESMOND, J. Plaintiff in 1927 leased certain lands to Lewber Realty Corporation for a term of twenty-one years. In 1928 Lewber assigned that lease to defendant. Defendant occupied the premises until 1941, when it made an assignment to one Stark, and surrendered possession. The suit is for rent for the month of March, 1942, which defendant's assignee failed to pay. Plaintiff sues on the theory that defendant, although originally an assignee with only the limited liability of an ordinary assignee, became in 1932, through an agreement then made between plaintiff and defendant, absolutely liable, contractually, to perform all the covenants of the lease until its expiration. The courts below, in awarding plaintiff judgment on the pleadings, have held that the 1932 writing contained, as matter of law, a promise by defendant to be thereafter liable on all the covenants of the original lease.

The original lease, annexed to the complaint, called upon the lessee therein named (Lewber) to keep the premises insured against certain perils and in fixed amounts. The 1932 agreement between plaintiff owner and defendant assignee, likewise attached to the complaint herein, eliminated those requirements for insurance coverage and instead bound defendant to assume the role of insurer. There is in that agreement no express statement regarding any assumption by defendant of any liability

except in relation to insurance. We are told, however, that an all-inclusive assumption by defendant of the original lease's burdens was effected by this language found therein: " It is further mutually understood and agreed that except as herein expressly modified, all other provisions and covenants contained in said lease shall remain in full force and effect."

The parties find no difficulty in agreeing as to what were the obligations of defendant, as an ordinary nonassuming assignee, before the 1932 arrangement. " The rule is that the liability of an assignee grows out of the privity of estate and that only. It ceases when that privity ceases to exist and each successive assignee is liable only for such breaches of covenant as occur while there is privity of estate between him and the lessor." (*Mann* v. *Munch Brewery,* 225 N. Y. 189, 195.) Plaintiff says, and the courts below have held, that the above-quoted language of the 1932 writing to the effect that except as modified, the lease shall remain in full force and effect, means, as matter of law, that defendant adopts the lease in all its parts as if defendant were originally a signer thereof. We cannot bring ourselves to agree that such is the only possible or reasonable meaning of the words, either read by themselves or in their setting in the 1932 document. On its face that paper shows only an intent to modify the existing arrangements in one particular, that is as to insurance, and the quoted language may well have been added, solely out of caution, to make sure that no other changes resulted. Since that may be all that the parties had in mind, no result so grave as a sweeping assumption of a long-term lease, by one not otherwise liable thereon, should be held to follow automatically and regardless of real intent.

Furthermore, it is doubtful whether the 1932 agreement is susceptible of the meaning ascribed to it below. There is strong authority which says that to hold liable an assignee under a lease, after he has given up the lease and vacated the premises, there must be produced an *express* promise by him to perform the covenants of the lease. (*Dassori* v. *Zarek,* 71 App. Div. 538; 2 McAdam on Landlord & Tenant [5th ed.], pp. 1026, 1027; 1 Tiffany on Landlord & Tenant, p. 989; Jones on Landlord & Tenant, p. 518.) If such an express covenant be made by an assignee, then he is thereafter liable both by privity of estate and by privity of contract with the lessor. But such an express

covenant is never assumed to have been made — it must always be proven. (*Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 N. Y. 197, 219; 2 Taylor on Landlord & Tenant [9th ed.] p. 14.) It is not every reference to, or mention of, the covenants of a lease, by an assignee, that amounts to an assumption by him. Even where he covenants that his assignment is to be " subject " to the terms of the lease, that language, without more definite words of promise, does not make him liable as by privity of contract. (*Dassori* v. *Zarek, supra; Schwartz* v. *Cahill,* 220 N. Y. 174, 178; *Wolveridge* v. *Steward,* 1 Crompton & Meeson 644; see *Durand* v. *Curtis,* 57 N. Y. 7, 11.) Examples of *express* assumption covenants are found in *Mann* v. *Munch Brewery* (*supra*) and *Zinwell Co.* v. *Ilkovitz* (83 Misc. 42).

Plaintiff points, as further support for his contention that the 1932 agreement included an assun    ion by defendant, to certain other language of that instrument. At the point therein where defendant agrees that, instead of providing public liability insurance, it will indemnify plaintiff against claims for injury or damage, the agreement uses the phrase " during the term of said lease." In the very next breath, however, it says that the public liability indemnification shall be only such as plaintiff would have had " if the insurance had been carried as required by the lease." The latter clause appears also in that part of the 1932 agreement which makes defendant liable for fire damage, in lieu of carrying fire insurance for plaintiff's benefit. As to fire damage, however, unlike public liability, there is no reference to " the term of the lease." Plaintiff makes some claim also that the provision of the original lease making all its covenants binding upon the parties thereto, " their respective heirs, executors, successors and assigns " has a special meaning in this connection. Ordinarily such language is employed not to impose direct contractual liability on " assigns " but to make it clear that the lease covenants run with the land (see *Mygatt* v. *Coe,* 147 N. Y. 456, 467), otherwise some of those covenants, such as the covenants to keep the premises insured, might be held to be personal engagements of the lessee only. (See *Dunlop* v. *Avery,* 89 N. Y. 592, 599; *Reid* v. *McCrum,* 91 N. Y. 412, 417.)

Plaintiff may be able hereafter to show in some manner that the parties intended the 1932 agreement to accomplish a com-

plete assumption by defendant of the whole lease. He has not, however, convinced us that the writing itself, without explanation or supporting proof, has that meaning, necessarily and as a matter of law. "While the construction of writings is, to be sure, matter of law in the sense that it is an affair for a judge, still the particulars of the process of ascertaining the disclosed intention of a writer are for the most part items of fact." (*Matter of City of New York* [*Vernon Parkway*], 285 N. Y. 326, 331.) We do not know what were the circumstances surrounding the execution of this particular writing or, indeed, whether there were any relevant "circumstances." We hold only that it was erroneous to read the 1932 agreement as containing on its face a flat agreement by defendant to assume the lease.

We have not undertaken herein any discussion as to the propriety of the denial below of *defendant's* motion for summary judgment. That denial is not reviewable in this court.

The judgments should be reversed and the plaintiff's motion for judgment on the pleadings denied, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY and THACHER, JJ., concur; LEWIS, J., taking no part.

Judgments reversed, etc.