■ CHARLES R. MODICA et al., Appellants, v DOLORES CAPECE et al., Respondents.—In an action to recover rent due under a lease and for related relief, the plaintiffs appeal from stated portions of an order of the Supreme Court, Suffolk County (Jones, J.), entered August 30, 1990, which, *inter alia,* (1) denied those branches of their motion which were for summary judgment as to their first, third, fifth, seventh, and twelfth causes of action, and to dismiss the defendants' counterclaims, and (2) granted those branches of the defendants' cross motion which were to dismiss the first through the ninth causes of action of the amended complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied that branch of the plaintiffs' motion which was to dismiss the defendants' second counterclaim, and by substituting therefor a provision granting that branch of the plaintiffs' motion and dismissing the second counterclaim, and (2) deleting the provision thereof which granted that branch of the defendants' cross motion which was for a dismissal of the first cause of action, and substituting therefor a provision denying that branch of the defendants' cross motion and reinstating the plaintiffs' first cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs are the owners and landlords of certain premises located in Bay Shore, New York. On January 24, 1984, the plaintiffs, as landlords, and Matvin, Inc., as tenant, entered into lease for the premises. The lease was thereafter assigned to Louis Capece and Frank Capece, who in turn assigned it to J.D.F., Inc. After they failed to pay rent due for the period from March 1, 1987, to August 1, 1987, the plaintiffs commenced a summary eviction proceeding against the Capeces and J.D.F., Inc.

In December 1987 the Suffolk County District Court issued a

warrant of eviction, as well as a judgment in the principal sum of $73,676.81, in connection with the summary proceeding which had been brought by the plaintiff Louis Modica against the Capeces and J.D.F., Inc. The Capeces and J.D.F., Inc., allegedly remained in exclusive possession of the premises until they were evicted by the Sheriff on March 2, 1988.

The plaintiffs then commenced this action against the Capeces and J.D.F., Inc., alleging that they had assumed all of the obligations due under a lease dated January 24, 1984, and that they owed rent thereunder. They also alleged that the obligations of the Capeces remained unaffected by the Capeces' subsequent assignment of the lease to the defendant J.D.F., Inc.

In their first cause of action, the plaintiffs seek judgment for rent from December 1, 1987, to February 1, 1988. We find the defendants are not entitled to summary judgment on this cause of action, and therefore modify the order appealed from so as to reinstate it. As to the second through the ninth causes of action, however, we agree with the Supreme Court that these causes of action should be dismissed, because the defendants are not contractually liable for the rental payments which became due after the eviction. We find that the Capeces did not assume the obligations, imposed in the original lease, which the plaintiffs argue render them liable for post-eviction rent (see generally, Gillette Bros. v Aristocrat Rest., 239 NY 87, 90; Mann v Munch Brewery, 225 NY 189; Lynch v Joseph, 228 App Div 367, 369). We also find that the doctrine of claim preclusion, as applied with reference to the earlier judgment of the District Court, does not require a contrary finding (see, e.g., O'Conner v G & R Packing Co., 74 AD2d 37, 45, affd 53 NY2d 278).

The Supreme Court erred in refusing to dismiss the defendants' second counterclaim based on the purported conversion of certain fixtures and personal property which the defendants left on the premises after the eviction. For reasons of public policy, a tenant may remove trade fixtures prior to the expiration of the lease or before the tenant quits possession, unless otherwise agreed to by the parties (see, Talbot v Cruger, 151 NY 117, 120; Shiels v Byrd, 168 App Div 112). However, where, as here, the tenant fails to remove the trade fixtures prior to quitting possession of the premises, it is presumed that the tenant has abandoned the property and title to the property passes to the landlord (see, Lewis v Ocean Nav. & Pier Co., 125 NY 341, 350).

The defendants failed to allege that they were prevented

from removing the property from the premises prior to the eviction. Therefore, the defendants failed to allege facts in their pleadings sufficient to rebut the presumption that they had abandoned their property, or to raise an issue of fact as to this issue. Thus, the Supreme Court should have dismissed the defendants' counterclaim to recover damages for conversion.

We have reviewed the plaintiffs' remaining contentions and find them to be either without merit or not properly before this Court (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 544-545).

Further, we note that the Supreme Court granted that branch of the plaintiffs' cross motion which was to amend the caption to substitute Dolores Capece, Executrix of the Estate of Louis Capece, for the defendant Louis Capece, who died during the pendency of the action. Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.