■ SALVATORE R. BELTRONE MARITAL TRUST II et al., Respondents, v LAVELLE AND FINN, LLP, Appellant, et al., Defendant. [787 NYS2d 411]—

Peters, J. Appeal from that part of an order of the Supreme Court (Benza, J.), entered August 13, 2003 in Albany County, which denied the motion of defendant Lavelle and Finn, LLP to dismiss the complaint against it.

In November 1988, Salvatore Beltrone and plaintiff AYCO Partners leased office space at 450 New Karner Road in the Town of Colonie, Albany County, to James Conway, an attorney, for a period of five years; the term was later extended to November 30, 1998. When Conway passed away, the law firm of defendant Conway, Lavelle & Finn, LLP (hereinafter C, L & F) was substituted as tenant pursuant to a "Lease Modification Agreement." By that agreement, signed by Martin Finn as a member of C, L & F, as well as AYCO and Beltrone, as landlords, the term was again extended until November 30, 2003. After Beltrone passed away, his interest in the premises was ultimately deeded to plaintiff Salvatore R. Beltrone Marital Trust II (hereinafter the trust). Hence, as of September 1999, the property was owned by AYCO and the trust.

In November 2001, partners John Lavelle and Finn terminated C, L & F pursuant to a certificate of withdrawal. That same day, Lavelle and Finn filed a certificate of registration

creating defendant Lavelle and Finn, LLP (hereinafter defendant), a new limited liability law partnership. It filed its certificate of registration with the Secretary of State on or about December 3, 2001, identifying its principal office as "450 New Karner Road, Albany, New York." On or about that date, defendant took over possession of the leased premises, paying rent from December 3, 2001 until it formally vacated the premises on March 3, 2003. At the time of its possession as defendant, it changed C, L & F's utility accounts, security and computer access codes, locks and signage to reflect the new firm name, but assumed C, L & F's telephone and fax numbers. According to both plaintiffs' counsel and their property manager, conversations with Lavelle confirmed "that [C, L & F] had merely implemented a name change, and would continue business as usual." Believing the lease to be fully intact, neither plaintiffs' counsel nor their property manager sought a formal amendment or modification to the lease.

After defendant vacated the premises and failed to pay rent, plaintiffs commenced this action against both defendant and C, L & F to recover all amounts due between March 2003 and November 30, 2003, the end of the modified lease term. Defendant moved to dismiss the complaint and plaintiffs cross-moved for leave to amend. Supreme Court denied the motion to dismiss and granted leave to amend. Defendant appeals.

We find no error. On a motion to dismiss, the court must accept, as true, the facts alleged by plaintiffs to give them the benefit of every favorable inference (see CPLR 3211 [a]). With allegations that defendant occupied the premises and paid monthly rent, plaintiffs presented a viable claim that defendant assumed the assignment of the lease, even in the absence of a written agreement. Supreme Court's reliance upon *Mann v Ferdinand Munch Brewery* (225 NY 189 [1919]) for this principle was entirely proper (see *id.* at 193; accord *Benoliel v New York & Brooklyn Brewing Co.*, 144 App Div 651, 652 [1911]; *Rohdenburg v Sol. Lazarus, Inc.*, 148 Misc 583, 584 [1933]).

Next addressing whether defendant would be liable for rent accruing after it vacated the premises but before the lease expired, we recognize that liability of an assignee comes from privity of estate with the landlord, not privity of contract (see *Mann v Ferdinand Munch Brewery, supra* at 195). Although assignees may be liable for covenants that run with the land while in privity of estate (see *id.* at 195; *Frank v New York, Lake Erie & W. R.R. Co.*, 122 NY 197, 219 [1890]; *Benoliel v New York & Brooklyn Brewing Co., supra* at 652), it is clear that defendant was out of possession when the unpaid rent accrued. Despite

the fact that defendant was no longer in privity of estate with plaintiffs, a claim for arrears may still be viable if it can be shown that defendant expressly agreed to undertake the terms of the stated lease (*see Hart v Socony-Vacuum Oil Co.*, 291 NY 13, 17-18 [1943]; *Mann v Ferdinand Munch Brewery, supra* at 195). Viewing plaintiffs' allegations as true that defendant openly assumed C, L & F's fax, telephone numbers, clients, assets, liabilities and lease, further representing to plaintiffs' counsel and their property manager that there was no change of status of the lease only a name change of the firm, the claim that defendant may have expressly agreed to undertake the terms of the modified lease agreement properly survived.

Nor do we find a failure to join necessary parties (*see* CPLR 1001 [a]; *accord Nagavi v Newcomb*, 305 AD2d 904, 905-906 [2003]; *Saratoga County Chamber of Commerce v Pataki*, 275 AD2d 145, 151 [2000]). The original contracting parties, Conway and Beltrone, now deceased, have their successors named and represented in this action. As neither had an interest during the time that the claim arose, there can be no viable claim that their interests will be "inequitably affected by a judgment in the action" (CPLR 1001 [a]). Because complete relief can be accorded between the named parties, defendant's challenge was properly dismissed.

Finally, we find no merit to the remaining contention that plaintiffs lack capacity to sue. As owners and landlords of the property during the relevant time, they properly commenced an action to remedy claims arising from their ownership.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.