■ Salvatore R. Beltrone Marital Trust II et al., Respondents, v Lavelle and Finn, LLP, Appellant, et al., Defendant. [803 NYS2d 211]—

Peters, J. Appeal from an order of the Supreme Court (Benza, J.), entered July 23, 2004 in Albany County, which, inter alia, denied the motion of defendant Lavelle and Finn, LLP for summary judgment dismissing the complaint against it.

All relevant facts are detailed in our prior review of a motion to dismiss by defendant Lavelle and Finn, LLP (hereinafter defendant; 13 AD3d 869 [2004]). Essentially, plaintiffs are the owners of real property located on New Karner Road in Albany County which was originally leased by plaintiffs' predecessor in interest, James Conway, an attorney. After Conway died, Conway, Lavelle and Finn, LLP (hereinafter CL&F) became the lessee and the rental period was extended to November 2003. In November 2001, two partners of CL&F filed a certificate of withdrawal and formed defendant, a new limited liability partnership. It continued to occupy the premises and pay rent until February 2003. When an action was commenced to recover rental arrearages for the remainder of the lease term, defendant made an unsuccessful motion for summary judgment, thus prompting this appeal.

While a tenant may assume a lease by its actions, even if no written agreement is present (*see Mann v Munch Brewery*, 225 NY 189, 193 [1919]), and a tenant in possession, paying rent,

creates a presumption of an assignment sufficient to satisfy the statute of frauds (see id. at 195; *Benoliel v New York & Brooklyn Brewing Co.*, 144 App Div 651, 652 [1911]), it is equally clear that such an assignee will be liable for covenants that run with the land only while in privity of estate (see *Mann v Munch Brewery, supra* at 195; *Frank v New York, Lake Erie & W. R.R. Co.*, 122 NY 197, 219 [1890]). Once privity of estate is broken, the liability ends unless such assignee expressly agreed to carry out the terms of the stated lease (see *Hart v Socony-Vacuum Oil Co.*, 291 NY 13, 16-18 [1943]; *Mann v Munch Brewery, supra* at 195). In *Mann*, a writing to the landlord from the tenant in possession, stating that it would send a check for rent and "assume the lease," was sufficient to constitute such an express agreement (*Mann v Munch Brewery, supra* at 195-196).

Here, Supreme Court found that despite the fact that privity of estate was broken, there was sufficient evidence to raise a question of fact as to whether defendant expressly agreed to carry out the terms of the stated lease. We agree. Defendant assumed the assets and liabilities of CL&F, changed all of the signage on the building to indicate that it was now occupying the premises and issued a written notice to all of its clients that it had "assumed the law practice of [CL&F] . . . at the same location." Moreover, despite a timely inquiry by plaintiffs' counsel as to defendant's status, defendant failed to notify plaintiffs that it was remaining as a month-to-month tenant; it represented to plaintiffs' counsel that there was no change of its status only a change in the name of the firm.*

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

* In so finding, we acknowledge defendant's contention that the legal presumption of assignment is rebuttable (see *Quackenboss v Clarke*, 12 Wend 555 [1834]), but find that it failed to present sufficient evidence to conclusively rebut such presumption at this juncture.