[877 NYS2d 95]

GATEWAY I GROUP, INC., Respondent, v PARK AVENUE PHYSI-
CIANS, P.C., Defendant, and PARK AVENUE HEALTH CARE
MANAGEMENT, INC., et al., Appellants.

Second Department, March 17, 2009

**APPEARANCES OF COUNSEL**

*Cozen O'Connor*, New York City (*Edward Hayum* and *Kevin M. Mattessich* of counsel), for appellants.

*Steven C. Hirsch*, Garden City (*Michael Lowe* of counsel), for respondent.

**OPINION OF THE COURT**

DICKERSON, J.

Factual Background and Prior Action

The plaintiff, Gateway I Group, Inc., owns real property located at One North Lexington Avenue in White Plains. The defendant Park Avenue Physicians, P.C. (hereinafter Physicians) was the plaintiff's tenant at that property. In a prior action commenced by the plaintiff to recover unpaid rent from Physicians, the plaintiff was awarded the sum of $183,808.33, and Physicians was evicted from the property.

The Instant Action

The plaintiff commenced the instant action against Physicians, as well as the defendants Park Avenue Health Care Management, Inc. (hereinafter Health Care), Park Avenue Senior Medicine P.C. (hereinafter Senior Medicine), Park Avenue Geriatric Management, LLC (hereinafter Geriatric Management), and Brad Markowitz, by the filing of a summons and verified complaint dated February 10, 2006. In this action, the plaintiff asserts 34 causes of action, and seeks, inter alia, to recover the unpaid judgment as well as post-eviction rent.

On or about July 26, 2006, the plaintiff served an amended complaint, alleging that Physicians, which was dissolved on December 29, 2004, had been undercapitalized and failed to adhere to corporate formalities. The plaintiff also alleged that Markowitz, who was a stockholder, officer, and director of Physicians, used corporate funds for his own personal purposes and exercised complete domination and control over Physicians. The plaintiff further alleged that Physicians was the alter ego and a mere instrumentality of Markowitz. According to the plaintiff, Markowitz thus used Physicians to defraud the plaintiff and commit other wrongful acts against it.

The plaintiff also alleged that there was an overlapping and interlocking of owners, officers, and directors amongst Physicians and the defendants Health Care, Senior Medicine, and Geriatric Management; that Health Care, Senior Medicine, and Geriatric Management (hereinafter together the corporate appellants) used the same office space, equipment, and telephone number as Physicians; that the corporate appellants were stockholders of Physicians; that the corporate appellants exercised complete domination and control over Physicians, which they employed to commit wrongful acts against the plaintiff; that Markowitz and the corporate appellants abused the privilege of doing business in the corporate form of Physicians to perpetrate wrongs against the plaintiff; and that Physicians was the alter ego and a mere instrumentality of the

corporate appellants. Based on these allegations, the plaintiff sought to recover from Markowitz, Health Care, Senior Medicine, and Geriatric Management (hereinafter together the appellants) under a theory of piercing the corporate veil.

In the first cause of action, the plaintiff asserted that, based on Physician's default under the lease and its subsequent eviction, Physicians—as well as the appellants under a theory of piercing the corporate veil—were liable to it for, inter alia, rental payments owed for the period beginning August 1, 2004 and ending July 31, 2006. In the second, third, and fourth causes of action, the plaintiff alleged that, on or about June 17, 1999, Physicians orally assigned the lease to the corporate appellants, and that, thereafter, based on a number of alleged factual circumstances, the corporate appellants held themselves out as Physicians' assignees, and that, having assumed the lease, the corporate appellants were obligated to pay rent and additional rent for a specified period of time. In the fifth, sixth, and seventh causes of action, the plaintiff alleged that, having assumed the lease, the corporate appellants were liable, under a theory of piercing the corporate veil, for post-eviction rent. In the eighth, ninth, and tenth causes of action, the plaintiff sought to recover from the corporate appellants in quantum meruit, based on their use and occupation of the subject property. In the remaining causes of action, the plaintiff alleged, inter alia, that Physicians conveyed its assets to the appellants, while insolvent and for no consideration, to operate as a corporate shield, that these conveyances violated Debtor and Creditor Law §§ 273, 273-a, 274, 275, 276 and 276-a, and that they should be set aside.

The Motion to Dismiss

On or about January 2, 2007, the appellants moved to dismiss the complaint in its entirety pursuant to CPLR 3211 (a) (7) and 3016 (b). With regard to the first cause of action, the appellants claimed that, because only Physicians was a signatory to the lease, they could not be held liable for any breach thereof. As to the second through seventh causes of action, the corporate appellants claimed, inter alia, that the alleged oral assignments of the lease by Physicians to them were voidable under the statute of frauds, as they contemplated a lease term in excess of one year. The corporate appellants also sought dismissal of the first, fifth, sixth, and seventh causes of action, claiming that the plaintiff's allegations in support of its corporate veil-piercing theory were impermissibly conclusory. The corporate appellants claimed that the causes of action by which the plaintiff sought

to recover on a quantum meruit basis must be dismissed because there was a valid and enforceable lease in place requiring Physicians to pay rent on the subject property. As to the causes of action under the Debtor and Creditor Law, the appellants claimed that such causes of action were subject to the heightened pleading requirements of CPLR 3016 (b) as they sounded in fraud. The appellants asserted that the plaintiff failed to satisfy those heightened pleading requirements, as the amended complaint was conclusory in this regard, and merely echoed the language of the relevant sections of the Debtor and Creditor Law.

## The Order Appealed From

In an order entered May 17, 2007, the Supreme Court denied the appellants' motion in its entirety, concluding that "[a] review of the amended verified complaint reveals that it states cognizable causes of action." We affirm.

## Discussion

### Motion to Dismiss for Failure to State a Cause of Action

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Smith v Meridian Tech., Inc.*, 52 AD3d 685, 686 [2008]).

### Breach of Lease

In the first cause of action, the plaintiff seeks to hold the appellants liable, under a theory of piercing the corporate veil, for Physicians' failure to pay rent in breach of its lease with the plaintiff. "A party seeking to pierce the corporate veil must establish that '(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury' " (*Millennium Constr., LLC v Loupolover*, 44 AD3d 1016, 1016 [2007], quoting *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *see Hyland Meat Co. v Tsagarakis*, 202 AD2d 552, 552 [1994]). The party seeking to pierce the corporate veil must further establish that the controlling corporation "abused the privilege of doing business in the

corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 142; *see Weinstein v Willow Lake Corp.*, 262 AD2d 634, 635 [1999]; *Hyland Meat Co. v Tsagarakis*, 202 AD2d at 552).

> "Indicia of a situation warranting veil-piercing include: '(1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own' " (*Shisgal v Brown*, 21 AD3d 845, 848-849 [2005], quoting *Wm. Passalacqua Bldrs., Inc. v Resnick Devs. S., Inc.*, 933 F2d 131, 139 [1991]).

"The concept is equitable in nature, and the decision whether to pierce the corporate veil in a given instance will depend on the facts and circumstances" (*Hyland Meat Co. v Tsagarakis*, 202 AD2d at 553; *see Weinstein v Willow Lake Corp.*, 262 AD2d at 635).

Here, the plaintiff alleged that, between November 9, 2000 and July 31, 2004, Physicians and the appellants all shared a common address and a telephone number from which they operated their businesses. While sharing that common address, Physicians and the appellants utilized the same equipment. The plaintiff also alleged that the appellants, at one time or another, paid Physicians' debts, namely, its rent under the lease. The plaintiff further alleged that Physicians and the appellants had an overlap and interlock of owners, officers, and directors. Finally, the plaintiff alleged that, while insolvent and for no consideration, Physicians conveyed its assets and accounts re-

ceivable to the appellants so that it would be judgment proof. While some of the allegations are made in portions of the complaint other than the first cause of action, the complaint is to be construed as a whole (*see Manno v Mione*, 249 AD2d 372, 372 [1998] ["On a motion to address the sufficiency of the complaint, the inquiry is whether the complaint, considered as a whole and construing the allegations in favor of the plaintiff, states in some recognizable form any cause of action known to our law" (internal quotation marks omitted)]).

Based on the foregoing, we find that the plaintiff adequately stated a cause of action to hold the appellants liable for Physicians' obligations under the lease under a theory of piercing the corporate veil (*see Pellarin v Moon Bay Dev. Corp.*, 29 AD3d 553 [2006]; *Shisgal v Brown*, 21 AD3d at 848-849; *Dillon v Valco Am. Corp.*, 14 AD3d 589, 590 [2005]; *see also Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.*, 210 AD2d 24, 25 [1994]). Moreover, since the plaintiff seeks to hold the appellants liable under a theory of piercing the corporate veil, the fact that the appellants did not sign the subject lease does not establish that the plaintiff failed to state a cause of action against the appellants (*cf. Weinstein v Willow Lake Corp.*, 262 AD2d at 635; *Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.*, 243 AD2d 595 [1997]).

### Oral Assignment of the Lease

The second, third, and fourth causes of action seek to hold the corporate appellants liable for rent owed under the lease on the basis that the lease between the plaintiff and Physicians was orally assigned to the corporate appellants. A tenant may assume a lease by its actions, even where no written lease is present (*see Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP*, 22 AD3d 936, 936 [2005]). The presence of a tenant in possession that is paying rent gives rise to a presumption of an assignment sufficient to satisfy the statute of frauds (*see id.* at 936-937; *see also* General Obligations Law § 5-703 [1]; *Mann v Munch Brewery*, 225 NY 189, 193 [1919]; *Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP*, 13 AD3d 869, 870 [2004]; *Benoliel v New York & Brooklyn Brewing Co.*, 144 App Div 651, 652 [1911]).

◼ Here, the plaintiff alleged that the corporate appellants took possession of certain suites within the subject property, paid rent, placed their names on the directory, referred to the lease as their lease in letters to the plaintiff, maintained li-

ability insurance on the subject property, and listed the subject suites as their principal place of business with the New York State Department of State. Many of these allegations were supported by documentary evidence. Accordingly, notwithstanding the writing requirement set forth in General Obligations Law § 5-703 (1), the plaintiff presented a viable claim that the corporate appellants assumed the assignment of the lease (*see Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP*, 13 AD3d at 870).

## Post-Eviction Rent

The fifth, sixth, and seventh causes of action seek to hold the corporate appellants liable for post-eviction rent pursuant to the terms of the lease. Generally, an assignee will only be liable for covenants that run with the land while in privity of estate (*see Hart v Socony-Vacuum Oil Co.*, 291 NY 13, 16 [1943]; *Mann v Munch Brewery*, 225 NY at 195; *Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP*, 22 AD3d at 937; *Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP*, 13 AD3d at 870). Once privity of estate is broken by reassignment or surrender of possession, the liability on the covenants that run with the land ends, and there can be no claim for post-eviction rent unless there was an express agreement to undertake the terms of the lease (*see Hart v Socony-Vacuum Oil Co.*, 291 NY at 16; *Mann v Munch Brewery*, 225 NY at 195; *Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP*, 22 AD3d at 937; *Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP*, 13 AD3d at 870-871; *Modica v Capece*, 189 AD2d 860 [1993]).

Here, the plaintiff alleged sufficient facts to state a cause of action that the corporate appellants assumed the lease (*see Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP*, 13 AD3d at 871; *cf. Modica v Capece*, 189 AD2d 860, 861 [1993] ["We find that the (defendant) did not assume the obligations, imposed in the original lease, which the plaintiffs argue render them liable for post-eviction rent"]). Alternatively, the complaint sets forth sufficient allegations to hold the corporate appellants liable for post-eviction rent under a theory of piercing the corporate veil, based on Physicians' breach of the lease (*cf. Teachers Ins. Annuity Assn. of Am. v Cohen's Fashion Opt. of 485 Lexington Ave., Inc.*, 45 AD3d 317, 318 [2007]).

## Quantum Meruit

In the eighth, ninth, and tenth causes of action, the plaintiff sought to recover from the corporate appellants in quantum

meruit based on their use and occupation of the subject premises. The appellants claim that the plaintiff may not recover on a quantum merit basis, as there was an express contract in place which governed the subject matter.

■ It is true that a party may not recover in quantum meruit or unjust enrichment where the parties have entered into a contract which governs the subject matter (*see Cox v NAP Constr. Co., Inc.*, 10 NY3d 592, 607 [2008]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *see also Schuckman Realty v Marine Midland Bank*, 244 AD2d 400, 400-401 [1997] [the plaintiffs are not entitled to recovery in quantum meruit, as the existence of a valid and enforceable agreement governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter]). Here, however, there was no lease between the corporate appellants and the plaintiff. Thus, because there was no contract in place between the corporate appellants and the plaintiff governing the subject matter, the corporate appellants' contention that the plaintiff is precluded from recovering unpaid rent on a quantum meruit basis is without merit (*see Eighteen Assoc. v Nanjim Leasing Corp.*, 257 AD2d 559 [1999]; *see generally Cox v NAP Constr. Co., Inc.*, 10 NY3d at 607; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d at 388; *Schuckman Realty v Marine Midland Bank*, 244 AD2d at 400-401).

### Alleged Violations of Debtor and Creditor Law

The remaining causes of action set forth in the amended complaint alleged violations of various sections of the Debtor and Creditor Law. In their motion to dismiss, the appellants claimed that these causes of action failed to satisfy the heightened pleading requirements of CPLR 3016 (b), and that they must therefore be dismissed.

CPLR 3016 (b) sets forth heightened particularity requirements for pleading causes of action or defenses based on fraud or mistake. That subsection provides that, "[w]here a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]).

■ Contrary to the appellants' contentions, the plaintiff was not required to plead violations of Debtor and Creditor Law §§ 273, 273-a, 274 and 275 with such heightened particularity pursuant to CPLR 3016 (b) (*see Menaker v Alstaedter*, 134 AD2d

412, 413 [1987]), and the allegations in the amended complaint sufficiently set forth causes of action under these statutory provisions (*see Gihon, LLC v 501 Second St., LLC*, 29 AD3d 629, 630 [2006]; *Shisgal v Brown*, 21 AD3d at 847; *888 7th Ave. Assoc. Ltd. Partnership v Arlen Corp.*, 172 AD2d 445 [1991]; *Loblaw, Inc. v Wylie*, 50 AD2d 4, 7 [1975]).

The causes of action under Debtor and Creditor Law §§ 276 and 276-a were pleaded with sufficient particularity to satisfy CPLR 3016 (b) (*see Marine Midland Bank v Zurich Ins. Co.*, 263 AD2d 382, 382-383 [1999]; *Wall St. Assoc. v Brodsky*, 257 AD2d 526, 529 [1999]; *cf. Cuglietto v Ferone*, 269 AD2d 556 [2000]; *Menaker v Alstaedter*, 134 AD2d at 413).

### The Appellants' Remaining Contentions

The appellants' remaining contentions are not properly before this Court.

### Conclusion

For the foregoing reasons, we conclude that the Supreme Court properly denied the appellants' motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them for failure to state a cause of action. Accordingly, the order is affirmed.

SKELOS, J.P., RITTER and CARNI, JJ., concur.

Ordered that the order is affirmed, with costs.