■ JOHN OTTO, Appellant, v ARNOLD MELMAN, Respondent. [915 NYS2d 503]—

In an action to recover damages for breach of fiduciary duty,

the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), entered December 8, 2009, as granted that branch of the defendant's motion which was, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit. within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 145 [2009]). Contrary to the plaintiff's contention, the Supreme Court correctly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The scope of the fiduciary relationship between the parties, that of patient-physician, did not encompass advice the defendant provided to the plaintiff as to the soundness of investing in a biotechnology company formed by the defendant (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 561 [2009]; Restatement [Second] of Torts § 874).

The parties' remaining contentions are either academic in light of our determination or without merit.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.