■ RICHARD T. PEERY et al., Appellants, v UNITED CAPITAL CORP. et al., Respondents, et al., Defendants. [924 NYS2d 470]—

In an action to recover damages for breach of a commercial lease, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Driscoll, J.), dated October 19, 2009, which granted the motion of the defendants United Capital Corp., Anthony J. Miceli, and Michael T. Lamoretti, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants United Capital Corp., Anthony J. Miceli, and Michael T. Lamoretti, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them is denied.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must

afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). A motion to dismiss pursuant to CPLR 3211 (a) (7) will fail if, "taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]).

" 'A party seeking to pierce the corporate veil must establish that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury' " (*Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 145 [2009] [internal quotation marks omitted], quoting *Millennium Constr., LLC v Loupolover*, 44 AD3d 1016, 1016 [2007]; *see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). The party seeking to pierce the corporate veil must establish that the controlling corporation or individuals "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 142; *see Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d at 145). Indicia of a situation warranting veil-piercing include: " '(1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own' " (*Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d at 146, quoting *Shisgal v Brown*, 21 AD3d 845, 848-849 [2005]).

Contrary to the determination of the Supreme Court, the plaintiffs adequately stated a cause of action to hold the defendants United Capital Corp., Anthony J. Miceli, and Michael T. Lamoretti (hereinafter collectively the United defendants) liable for breach of the subject lease under a theory of piercing the corporate veil.

The plaintiffs alleged in their amended complaint that they were the lessors of the commercial property located at 5403 and 5405 Steven Creek Boulevard, in Santa Clara, California. The defendant HJSC Corp. (hereinafter HJSC) was the lessee of the property pursuant to a lease with the plaintiffs. The plaintiffs alleged that HJSC breached the lease by failing to pay basic rent and certain percentage rent, which was to be derived from sublessees operating businesses on the premises. The plaintiffs obtained a judgment in California against HJSC in the sum of $466,182.63. The plaintiffs alleged that HJSC was merely the alter ego of the defendant United Capital Corp. (hereinafter United), which owned all the shares of HJSC and exercised complete dominion and control over HJSC. Further, the plaintiffs alleged that HJSC and United shared the same office space, employees, office supplies and furniture, and address. HJSC's president, secretary, and treasurer—the defendant Miceli—was also the vice-president, chief financial officer, and secretary of United. The secretary of HJSC—the defendant Lamoretti—was also an officer, director, and shareholder of United. The plaintiffs further alleged that HJSC had no assets and was inadequately capitalized because the United defendants siphoned off money paid to HJSC for their own benefit, and to the detriment of the plaintiffs. Rents paid with respect to the commercial property went directly to United, and HJSC was left with no operating funds to pay creditors, such as the plaintiffs.

Accepting these allegations as true, and affording the plaintiffs the benefit of every possible inference, the fourth cause of action in the amended complaint adequately stated a cause of action to hold the United defendants liable for HJSC's obligations under the lease pursuant to the theory of piercing the corporate veil (see Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d at 145; Shisgal v Brown, 21 AD3d at 848-849; cf. East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122 [2009], affd 16 NY3d 775 [2011]). Furthermore, the amended complaint sufficiently stated causes of action to recover damages for breach of contract against United (the third cause of action), unjust enrichment (the fifth cause of action), promissory estoppel (the sixth cause of action),

and breach of the duty of good faith and fair dealing (the seventh cause of action).

In addition, the allegations in the ninth cause of action in the amended complaint sufficiently set forth a cause of action under Debtor and Creditor Law §§ 273 and 274 and, viewing the amended complaint as a whole, the eighth cause of action, which was under Debtor and Creditor Law §§ 276 and 276-a, was pleaded with particularity sufficient to satisfy CPLR 3016 (b) (*see Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d at 150; *Marine Midland Bank v Zurich Ins. Co.*, 263 AD2d 382, 382-383 [1999]; *Wall St. Assoc. v Brodsky*, 257 AD2d 526, 529 [1999]).

Accordingly, the Supreme Court should have denied the motion of the United defendants, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.