Cretaro v Huntington (2022 NY Slip Op 01935)





Cretaro v Huntington


2022 NY Slip Op 01935


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


874 CA 21-00019

[*1]MATEO THOMAS CRETARO, PLAINTIFF-APPELLANT,
v
SALLY HUNTINGTON AND WILLARD HILTS, DEFENDANTS-RESPONDENTS.






CERIO LAW OFFICES, SYRACUSE (DAVID HERKALA OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BRADLEY E. KEEM, SYRACUSE, FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered July 28, 2020. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the second cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, the return of personal property allegedly owned by him or damages for the value of that property. Defendants moved for summary judgment dismissing the complaint, contending, inter alia, that plaintiff "forfeited his rights" to the property when he failed to remove it from their premises in a timely manner. Supreme Court granted the motion, and plaintiff appeals.
Plaintiff is the former owner of certain real property. In 2008, plaintiff defaulted on his mortgage and, in 2012, a judgment of foreclosure was entered. Nevertheless, plaintiff remained on the premises until it was sold at auction in 2015. Plaintiff then vacated the premises but left hundreds of items behind. In 2016, defendants purchased the property at another auction and leased it to plaintiff's son and defendants' granddaughter (couple), who were married, with the idea that the couple would eventually buy the premises from defendants. When it became evident that the couple would not be in a position to buy the premises from defendants and the couple refused to vacate the premises, defendants evicted them.
After the couple vacated the premises, a significant amount of plaintiff's personal property remained on the premises. Defendants thereafter mailed to plaintiff and the couple a Notice of Abandoned Property, advising them that, if they did not remove the remaining property "within thirty days of receipt of this letter, then [the property] [would] be considered abandoned and disposed of accordingly."
Plaintiff removed a limited amount of the property within that 30-day time period. Defendants do not dispute that they denied his requests for additional time to remove the rest of the property and that they thereafter disposed of that property in various ways.
We agree with plaintiff that the court erred in granting defendants' motion insofar as it sought summary judgment dismissing plaintiff's second cause of action, for conversion, and we therefore modify the order accordingly. We note that plaintiff has abandoned any contention that the court erred in granting the motion insofar as it sought summary judgment dismissing the first cause of action by failing to address that cause of action in his brief (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]). "In order to succeed on a cause of action to recover damages for conversion, a plaintiff must show (1) legal ownership or an immediate right of possession to a specific identifiable thing and (2) that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's right" (Giardini v Settanni, 159 AD3d 874, 875 [2d Dept 2018]; see Colavito, 8 NY3d at 50; Broadway Warehouse Co. v Buffalo Barn Bd., LLC, 143 AD3d 1238, 1241 [4th Dept 2016]).
Thus, for defendants in this action to establish their entitlement to summary judgment dismissing the complaint, they were required to establish as a matter of law either that plaintiff did not have a legal right or possessory interest in the property left on the premises or that defendants' undisputed acts of dominion and control over that property were somehow authorized.
If the property can be deemed abandoned, then plaintiff's possessory interest was forfeited and defendants' actions were authorized, i.e., there can be no cause of action for conversion (see e.g. Henryka v Amalgamated Warbasse House, Inc., 34 Misc 3d 157[A], 2012 NY Slip Op 50421[U] *2 [App Term, 2d Dept, 11th & 13th Jud Dists 2012]). "The abandonment of property is the relinquishing of all title, possession or claim to or of it—a virtual intentional throwing away of it. It is not presumed. Proof supporting it must be direct or affirmative or reasonably beget the exclusive inference of the throwing away" (Foulke v New York Consol. R.R. Co., 228 NY 269, 273 [1920]).
Where a "[p]laintiff establishe[s] that he [or she] is the owner of the subject personal property, defendants had such property in their possession and they refused to return the property to him [or her] upon . . . demand," that plaintiff "establishe[s] a prima facie case for conversion unless a lien or liens existed granting defendants superior possessory rights" (Miller v Marchuska, 31 AD3d 949, 950 [3d Dept 2006]). Here, defendants did not contend that any such liens existed, and their own submissions establish that plaintiff was the owner of the personal property left on the premises, that he attempted to remove some of the property during the 30-day period, and that he made requests for additional time to retrieve his property.
We thus conclude that defendants' own submissions raise triable issues of fact whether plaintiff abandoned the property and whether defendants had authority to exercise dominion over that property (see Medlock Crossing Shopping Ctr. Duluth, GA. LP v Kitchen & Bath Studio, Inc., 126 AD3d 1463, 1466 [4th Dept 2015]; 8902 Corp. v Helmsley-Spear, Inc., 23 AD3d 316, 316 [1st Dept 2005]; cf. Modica v Capece, 189 AD2d 860, 861-862 [2d Dept 1993]).
Inasmuch as defendants failed to meet their initial burden of establishing that they did not convert the property, the burden never shifted to plaintiff to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Based on our determination, we do not address plaintiff's remaining contentions.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court