■ A. ARNOLD GERSHON, Appellant, v HERTZ CORPORATION, Respondent. [626 NYS2d 80] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered on or about November 19, 1993, which, in a proposed class action for consumer fraud brought by plaintiff on behalf of himself and all customers of defendant car rental company who have rented cars or who will rent cars from defendant without a reservation, or who made a reservation that could not be found at the time of rental, or who made a reservation less than two hours before the scheduled time of rental, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Defendant's alleged practice of not disclosing to prospective customers alternative rental arrangements at lower rates than that the customer had inquired about is not a deceptive practice under General Business Law § 349. In reaching this conclusion, the IAS Court properly relied on the National Association of Attorneys General Guidelines of 1989, which, based upon an extensive review of the business and advertising practices of the car rental industry by a special task force and intended to provide guidance to car rental companies on complying with State unfair and deceptive practice laws, do not require the disclosure of alternative basis rates but do require the disclosure of "surcharges". The examples of surcharges given in the Guidelines include such charges as fees for additional drivers, refueling, and late return of a car. Plaintiff's attempt to portray a separate base rate for unreserved rentals as a surcharge simply has no support in the Guidelines, and is otherwise without merit. Also failing to state a cause of action under General Business Law § 349 are plaintiff's allegations that the rental counter agent failed to explain that he could get the lower rate if he reserved two hours in advance, and that the telephone agent who booked his reservation gave the misimpression that the reservation only guaranteed the availability of a car and not the rate. Such allegations do not show materially deceptive conduct on

which plaintiff relied to his detriment *(Ortho Pharm. Corp. v Cosprophar, Inc.,* 32 F3d 690, 697 [2d Cir]). It had to be evident to plaintiff that the higher rate had something to do with the fact that because he had discarded the reservation number defendant had given him when he reserved a car the day before, defendant was unable to verify the reservation; defendant's agents had no reason to quote the advance reservation rate when plaintiff expressed an interest in a presently available car; and, in point of fact, the reservation would have guaranteed the rate as well as the car if plaintiff had kept his reservation number. In any event, this aspect of plaintiff's General Business Law § 349 claim is more in the nature of a private commercial dispute not of a recurring nature that the statute was not intended to address *(Holmes Protection v Provident Loan Socy.,* 179 AD2d 400). Plaintiff's cause of action under General Business Law § 350 for false advertising is legally insufficient absent an allegation that he relied upon or even knew of defendant's advertising. Finally, plaintiff's cause of action for common-law fraud is legally insufficient absent an allegation that defendant knew that plaintiff could have rearranged his personal schedule in order to receive the lower rate, since, without such knowledge, defendant lacked the scienter necessary to impose upon it a duty to disclose its two-hour advance reservation rate *(Frigitemp Corp. v Financial Dynamics Fund,* 524 F2d 275, 283). Concur—Murphy, P. J., Rubin, Ross, Williams and Tom, JJ.