■ KEITH McGILL et al., Respondents, v GENERAL MOTORS CORPORATION, Appellant. [647 NYS2d 209] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered April 1, 1996, which denied defendant General Motors Corporation's (GM) motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to the extent of dismissing the causes of action for violation of General Business Law § 350, fraud, negligent misrepresentation and breach of warranty, and otherwise affirmed, without costs.

The complaint sufficiently states a cause of action for violation of General Business Law § 349 (a), which makes unlawful "[d]eceptive acts or practices" in conducting a business or furnishing a service. In order for a plaintiff to utilize the statute, the acts or practices "must have a broad impact on consumers at large" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320). There must be a sufficient prima facie showing that a defendant's "representations or omissions" were deceptive in a material way and that the plaintiff has been injured (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-26). These criteria were satisfied in the instant case, where plaintiffs allege, *inter alia*, that "instead of

publicly acknowledging that the [brake systems in the subject cars] are defective and commencing a formal recall so that all owners of [the subject cars] could benefit, [defendant GM] deceived [plaintiffs] by privately representing [only] to certain owners * * * who complained often enough, that they could have their rear disc brakes fixed by GM by simply paying a $100 deductible on their service contract". The statute does not require any showing of actual pecuniary harm (*supra*).

The remaining causes of action in the complaint should be dismissed. As to the claim of violation of General Business Law § 350, there is no showing that any plaintiff relied upon or even knew about GM's allegedly false advertisements when the cars were purchased (*Gershon v Hertz Corp.*, 215 AD2d 202, 203).

The general statements in the cause of action for fraud do not satisfy the "detail[ed]" pleading requirement of CPLR 3016 (b) with respect to how any plaintiff was induced to purchase a car by a representation or omission on the part of GM.

As to the claim of negligent misrepresentation, plaintiffs have not alleged that they had any particular contact with GM or that GM had any knowledge of their identities so as to create a relationship that approaches contractual privity (*see, Metral v Horn*, 213 AD2d 524, 526). Plaintiffs maintained, and the motion court agreed, that "contact" was made when GM took out advertisements that allegedly were deceptive; however, this kind of mass communication cannot establish "privity" with unidentified members of the public (*supra*, at 526).

The breach of express warranty claim is insufficient since plaintiffs have neither pleaded a failure or repair within the terms of the relevant written warranties nor identified any affirmation, description or promise by GM which became part of the basis of the bargain. We note that plaintiffs have withdrawn their cause of action for breach of implied warranty. Concur—Ross, J. P., Williams, Tom and Andrias, JJ.