■ ALBERTA COLBERT et al., Respondents-Appellants, v RANK AMERICA, INC., et al., Appellants-Respondents, et al., Defendants. [743 NYS2d 150] —In a class action, inter alia, for a judgment declaring that certain membership campground contracts are void and unenforceable as contrary to public policy pursuant to General Business Law § 659, the defendants Rank America, Inc., Resorts USA, Inc., and Outdoor World Corporation appeal, as limited by their notice of appeal and

brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated January 16, 2001, as denied those branches of their motion which were for summary judgment (a) dismissing paragraphs 45 (b), 45 (e), and 45 (g) of the third cause of action in the amended complaint insofar as asserted by the named plaintiffs against them, (b) dismissing the fifth and sixth causes of action in the amended complaint insofar as asserted by the named plaintiffs against them, (c) dismissing the plaintiffs' request for punitive damages, and (d) dismissing the third cause of action in the amended complaint in its entirety insofar as asserted against the defendant Rank America, Inc., and the plaintiffs cross-appeal from so much of the same order as granted that branch of the motion of the defendants Rank America, Inc., Resorts USA, Inc., and Outdoor World Corporation, which was for summary judgment dismissing the second cause of action in the amended complaint, and denied those branches of their cross motion which were for partial summary judgment and the imposition of sanctions against the defendants and their counsel.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the contention of the defendants Rank America, Inc., Resorts USA, Inc., and Outdoor World Corporation (hereinafter the appellants), the Supreme Court correctly determined that there can be independent liability under the Membership Campground Act § 656 for violations of General Business Law §§ 349, 350, and 369-ee (see General Business Law § 660 [4]; *Meachum v Outdoor World Corp.*, 273 AD2d 208; Mem of Senator Daly, L 1990, ch 488, 1990 NY Legis Ann, at 252, 253). The appellants failed to establish their entitlement to judgment as a matter of law regarding the plaintiffs' claim that the contracts were unconscionable, requiring denial of that branch of the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). As for the remaining claims, after the defendants made out a prima facie case for summary judgment, the plaintiffs submitted evidence which raised triable issues of fact, precluding summary judgment (*id.*).

The Supreme Court properly dismissed the second cause of action insofar as asserted by the named plaintiffs, pursuant to General Business Law § 350. The deposition testimony indicated that the named plaintiffs did not see any of the appellants' advertising until after the sales presentation, and that the advertising did not play a role in their decision to purchase the campground memberships (*see McGill v General Motors Corp.*, 231 AD2d 449, 450; *Gershon v Hertz Corp.*, 215 AD2d 202, 203).

The Supreme Court also properly denied that branch of the plaintiffs' cross motion which was for partial summary judgment, as they failed to establish their entitlement to judgment as a matter of law (*id.*). The plaintiffs' request for the imposition of sanctions was properly denied, as the conduct complained of was not frivolous.

The parties' remaining contentions are without merit. Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.