■ Warren S. Dank, Respondent, v Sears Holding Management Corporation et al., Appellants. [874 NYS2d 188]—

In a proposed class action to recover damages for violation of General Business Law §§ 349 and 350 and common-law fraud, the defendants appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 28, 2007, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The defendants, Sears Holding Management Corporation and Sears, Roebuck and Co. (hereinafter together Sears), are national retailers of consumer goods. The complaint alleges that Sears published a policy promising, in pertinent part, to match the "price on an identical branded item with the same features currently available for sale at another local retail store." The complaint further alleges that the plaintiff requested at three different locations that Sears sell him a flat-screen television at the same price at which it was being offered by another retailer. His request was denied at the first two Sears locations on the basis that each store manager had the discretion to decide what retailers are considered local and what prices to match. Eventually, he purchased the television at the third Sears at the price offered by a retailer located 12 miles from the store, but was denied the $400 lower price offered by a retailer located 8 miles from the store.

"Affording the complaint a liberal construction, accepting as true all facts alleged therein, and according the plaintiff the benefit of every possible inference" (*Love v Rebecca Dev., Inc.*, 56 AD3d 733, 733 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703 [2008]; *Asgahar v Tringali Realty, Inc.*, 18 AD3d 408 [2005]), the complaint states a cause of action under General Business Law §§ 349 and 350 (*see Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]; *Scott v Bell Atl. Corp.*, 282 AD2d 180, 183-184 [2001]; *McGill v General Motors Corp.*, 231 AD2d 449 [1996]; *McDonald v North Shore Yacht Sales*, 134 Misc 2d 910 [1987]) and for common-law fraud (*see Clearview*

*Concrete Prods. Corp. v S. Charles Gherardi, Inc.*, 88 AD2d 461, 467 [1982]). Therefore, the Supreme Court properly denied the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.