■ CAROL ZORN, Appellant, v RITA K. GILBERT et al., Respondents. [875 NYS2d 245]—In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered January 3, 2008, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action and denied her cross motion pursuant to CPLR 3025 (b) for leave to serve and file an amended complaint.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action to recover damages for legal malpractice and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying the plaintiff's cross motion for leave to serve and file an amended complaint and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.

" 'Affording the complaint a liberal construction, accepting as true all facts alleged therein, and according the plaintiff the benefit of every possible inference' " (*Dank v Sears Holding Mgt. Corp.*, 59 AD3d 582, 583 [2009], quoting *Love v Rebecca Dev., Inc.*, 56 AD3d 733, 733 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]), the complaint, as amplified by the plaintiff's affidavits (*see Sheroff v Dreyfus Corp.*, 50 AD3d 877, 878 [2008]), adequately states a cause of action to recover damages for legal malpractice (*see Palo v Cronin & Byczek, LLP*, 43 AD3d 1127 [2007]). Accordingly, the Supreme Court should not have dismissed the first cause of action contained in the original complaint (*see* CPLR 3211 [a] [7]).

Moreover, the plaintiff's cross motion for leave to serve and file an amended complaint should have been granted. "Leave to amend should be freely given absent prejudice or surprise" (*Rosicki, Rosicki & Assoc., P.C. v Cochems*, 59 AD3d 512 , 514 [2009]). The proposed amendments, which relate to the plaintiff's claims alleging legal malpractice, were neither palpably insufficient nor patently devoid of merit, and there was no evidence that those amendments would prejudice or surprise the defendants (*see* CPLR 3025 [b]; *Barnes Coy Architects, P.C. v Shamoon*, 53 AD3d 466, 467 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008], *lv granted* 2008 NY Slip Op 68750[U] [2008]). Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.