MEDICAL ARTS OFFICE SERVICES, INC., Counterclaim Defendant-Appellant, v GREGORY ERBER, Counterclaim Plaintiff-

Respondent. BERT BRODSKY et al., Additional Counterclaim Defendants-Appellants. [932 NYS2d 498]—

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). A motion to dismiss pursuant to CPLR 3211 (a) (7) will fail if, "taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]).

Here, the counterclaims contained in the amended answer of the defendant/counterclaim plaintiff, Gregory Erber, set forth sufficient factual allegations to state a claim against the additional counterclaim defendants under a theory of piercing the corporate veil. The amended answer alleged that the plaintiff/counterclaim defendant, Medical Arts Office Services, Inc. (hereinafter Medical Arts), was dominated by the additional counterclaim defendant Bert Brodsky, the owner of Medical Arts, acting individually and through the additional counterclaim defendant entities, and that such domination was used to commit "a wrong or injustice against [Erber] such that a court in equity [may] intervene" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]; *see ABN AMRO Bank, N.V. v*

*MBIA Inc.*, 17 NY3d 208, 229 [2011]; *Peery v United Capital Corp.*, 84 AD3d 1201, 1203 [2011]; *Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 145-146 [2009]). Accordingly, the Supreme Court properly denied the motion of Medical Arts and the additional counterclaim defendants pursuant to CPLR 3211 (a) (7) to dismiss the counterclaims insofar as asserted against the additional counterclaim defendants for failure to state a cause of action.

Moreover, the Supreme Court properly granted Erber's cross motion pursuant to CPLR 3025 (b) for leave to serve and file a second amended answer. The proposed amendments were neither palpably insufficient nor patently devoid of merit, and there was no evidence that those amendments would prejudice or surprise the defendants (*see Zorn v Gilbert*, 60 AD3d 850 [2009]). Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.