■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONICA AMADOR, Appellant. [961 NYS2d 354]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Edward McLaughlin, J.), rendered on or about April 26, 2011, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Román and Clark, JJ.

■ COLGATE SCAFFOLDING & EQUIPMENT CORP., Appellant, v ALBRECHT, VIGGIANO, ZURECK & COMPANY, P.C., Doing Business as Avz TECH, Defendant, and MICROSOFT CORPORATION, Respondent. [959 NYS2d 480]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered March 26, 2012, which granted defendant Microsoft Corporation's motion to dismiss the complaint as against it, unanimously affirmed, without costs.

The complaint fails to state a cause of action for negligent misrepresentation as against Microsoft. There is no indication that Microsoft knew that plaintiff was considering the purchase of Microsoft products and related services from defendant Albrecht, Viggiano, Zureck & Company, P.C. doing business as AVZ Tech (AVZ), or even knew of plaintiff's existence, when it made the alleged misrepresentation about the qualifications of AVZ (*see Sykes v RFD Third Ave. 1 Assoc., LLC*, 15 NY3d 370, 373 [2010]). Plaintiff's allegation that it had relied on AVZ's repetition of the same misrepresentation in AVZ's proposal of a contract between AVZ and plaintiff does not establish privity, or a relationship approaching privity, between Microsoft and plaintiff at the time Microsoft made the alleged misrepresentation (*see Westpac Banking Corp. v Deschamps*, 66 NY2d 16, 19 [1985]). Likewise, plaintiff's argument that it had become a customer of Microsoft subsequent to the alleged reliance on the misrepresentation does not establish that Microsoft made the misrepresentation to plaintiff as a known party (*see McGill v General Motors Corp.*, 231 AD2d 449, 450 [1st Dept 1996]). Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Román and Clark, JJ.