■ SHELLEY GALE, Appellant, v ANIMAL MEDICAL CENTER et al., Respondents. [968 NYS2d 563]—

In an action, inter alia, to recover damages for veterinary malpractice, gross negligence, and fraud, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated February 1, 2012, as, in effect, upon reargument, adhered to so much of the original determination in an order of the same court dated September 8, 2011, as granted those branches of the defendants' renewed motion which were, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second and fifth causes of action.

Ordered that the order dated February 1, 2012, is modified, on the law, by deleting the provision thereof, in effect, upon reargument, adhering to so much of the original determination in the order dated September 8, 2011, as granted that branch of the defendants' renewed motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action, and substituting therefor a provision vacating that portion of the original determination and, thereupon, denying that branch of the defendants' renewed motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover damages for veterinary malpractice, gross negligence, and fraud. The plaintiff alleged that on June 22, 2009, she brought her cat to the defendant Animal Medical Center because the cat was having respiratory problems. On that date, diagnostic testing was performed which revealed the presence of a pleural effusion and a mass in the cat's chest. On June 24, 2009, the plaintiff allegedly consulted with a veterinary oncologist, who recom-

mended that a CT scan be performed, with the possibility of surgery depending on the CT scan results. On June 25, 2009, the plaintiff returned to the Animal Medical Center with her cat, and the CT scan was performed. The plaintiff alleged that she consented to the cat undergoing a thoracotomy based upon certain representations made to her about the CT scan results by the defendants Kovak McClaran and Anthony Fischetti. Shortly after the procedure, the cat's condition worsened and the cat allegedly was euthanized without the plaintiff's consent. The plaintiff alleged that she later learned that the radiologist, Fischetti, had not read the CT scan results prior to the operation, and that McClaran and Fischetti deliberately misled her about this fact to obtain her consent for a "contraindicated" and "unnecessary" procedure.

In an order dated September 8, 2011, the Supreme Court, inter alia, granted those branches of the defendants' renewed motion which were, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second and fifth causes of action, which sought damages for gross negligence and fraud, respectively. In November 2011, the plaintiff moved for leave to reargue her opposition to stated portions of the defendants' renewed motion. In an order dated February 1, 2012, the Supreme Court, in effect, upon reargument, adhered to the original determination in the order dated September 8, 2011.

"In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether from the complaint's 'four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*Nasca v Sgro*, 101 AD3d 963, 964 [2012], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "[T]he court must afford the complaint a liberal construction, 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Woss, LLC v 218 Eckford, LLC*, 102 AD3d 860, 860 [2013] [citation omitted], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Contrary to the plaintiff's contention, the Supreme Court properly, in effect, upon reargument, adhered to so much of the original determination in the order dated September 8, 2011, as granted that branch of the defendants' renewed motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, which sought damages for gross negligence. Since the gross negligence cause of action arose from the same facts as the veterinary malpractice and fraud

causes of action, the gross negligence cause of action is duplicative and, thus, cannot be sustained (*see Abraham v Kosinski*, 305 AD2d 1091, 1092 [2003]; *Mecca v Shang*, 258 AD2d 569, 570 [1999]).

However, the Supreme Court should have, upon reargument, vacated so much of the original determination in the order dated September 8, 2011, as granted that branch of the defendants' renewed motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action which sought damages for fraud. Affording the complaint a liberal construction, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (*see Woss, LLC v 218 Eckford, LLC*, 102 AD3d 860 [2013]), the complaint, as amplified by the supplemental bill of particulars (*see Zorn v Gilbert*, 60 AD3d 850 [2009]), alleged, inter alia, that the defendants knowingly made false statements to the plaintiff concerning the results of the CT scan to induce her to consent to a "contraindicated" surgical procedure for her cat, which resulted in the cat's death. Accordingly, the plaintiff sufficiently stated a cause of action to recover damages for fraud to the extent that cause of action was based on allegations concerning the CT scan.

The plaintiff's remaining contentions are either without merit or not properly before this Court. Eng, P.J., Balkin, Roman and Miller, JJ., concur.

Motion by the respondents, inter alia, to dismiss an appeal from an order of the Supreme Court, Queens County, dated February 1, 2012, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated October 23, 2012, the branch of the motion which was to dismiss the appeal on the ground that no appeal lies from an order denying reargument was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal on the ground that no appeal lies from an order denying reargument is denied. Eng, P.J., Balkin, Roman and Miller, JJ., concur.