Board of Trustees v Allure Metal Works, Inc. (2022 NY Slip Op 05677)

Board of Trustees v Allure Metal Works, Inc.

2022 NY Slip Op 05677

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2019-11843
 (Index No. 613255/18)

[*1]Board of Trustees, Sheet Metal Workers' National Pension Fund, respondent, 
v
Allure Metal Works, Inc., appellant.

Milman Labuda Law Group PLLC, Lake Success, NY (Emanuel Kataev and Gregory C. Brown, Jr., of counsel), for appellant.
Slevin & Hart, P.C., New York, NY (Stephen J. Mogila and Blitman & King LLP [Jennifer A. Clark], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to enforce a money judgment, the defendant appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated September 6, 2019. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff is the board of trustees of a multiemployer pension fund, as defined by provisions of the Employee Retirement Income Security Act of 1974 (29 USC § 1001 et. seq.) (hereinafter ERISA). In 2015, the plaintiff obtained a consent judgment in federal court against nonparty All Around Spiral, Inc. (hereinafter All Around Spiral). The consent judgment arose out of the alleged failure of another entity, Cool Sheetmetal, Inc. (hereinafter Cool Sheetmetal), to pay to the plaintiff pension fund withdrawal liability pursuant to provisions of ERISA. All Around Spiral, a party allegedly under common control with Cool Sheetmetal, consented to the entry of the judgment against it for the amount of the withdrawal liability, plus attorneys' fees.
The plaintiff then commenced the instant action against the defendant, Allure Metal Works, Inc. (hereinafter Allure). In the first and second causes of action, the plaintiff sought, inter alia, to hold Allure liable for payment of the consent judgment, as an alleged alter ego of or successor to All Around Spiral. Allure moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action. The Supreme Court denied those branches of the motion, and Allure appeals.
"On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704; see Leon v Martinez, 84 NY2d 83, 87; Smith v Meridian Tech., Inc., 52 AD3d 685, 686).
"[I]n order for a plaintiff to state a viable claim against a parent or alter ego of the corporation, the plaintiff must allege facts that, if proved, indicate that the parent or alter ego exercised complete domination of the corporation in respect to the transaction attacked and that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury" (Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d 941, 944; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47-48; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776; Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 142; TMCC, Inc. v Jennifer Convertibles, Inc., 176 AD3d 1135, 1136). "[T]he corporate veil will be pierced to achieve equity, even absent fraud, when a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego" (Olivieri Const. Corp. v WN Weaver St., LLC, 144 AD3d 765, 767 [internal quotation omitted]; see Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d at 946; Williams v Lovell Safety Mgt. Co., LLC, 71 AD3d 671, 672).
Here, the complaint sufficiently alleged a cause of action to enforce the judgment against Allure based on an alter ego theory since, inter alia, it contained allegations that Allure shared common officers with All Around Spiral, at one point Allure had occupied All Around Spiral's former business premises and acquired certain of its equipment and employees, and Allure continued to conduct substantially the same business as All American Spiral (see Medical Arts Off. Servs., Inc. v Erber, 89 AD3d 698, 699; Peery v United Capital Corp., 84 AD3d 1201, 1203; Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141, 146-147; see also Apex Rehabilitation & Care Ctr. v Butler, 173 AD3d 658).
A corporation may be held liable for obligations of a predecessor if: "(1) it expressly or impliedly assumed the predecessor's [contract] liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations" (Schumacher v Richards Shear Co., 59 NY2d 239, 245; see R & D Elecs, Inc. v NYP Mgt., Co., Inc., 162 AD3d 1513, 1515). Here, the complaint adequately alleged that Allure is liable for payment of the consent judgment as the successor to All Around Spiral, based on, among other things, allegations that tend to show a de facto merger of those two entities, that Allure was a mere continuation of All Around Spiral, and that the transfer of business to Allure was intended to escape the obligation for the consent judgment (see Radium2 Capital, LLC v Xtreme Natl. Maintenance Corp., 202 AD3d 638, 639; Trovato v Galaxy Sanitation Servs. of N.Y., Inc., 171 AD3d 832, 834; Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167).
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court